DAVID G. RUNYAN et al., Plaintiffs-Appellants, v. KATHRYN R. KELLEY et al., Defendants-Appellees.

(No. 73-364;

Second District (2nd Division)—August 25, 1975.

Smith & Munson, of Wheaton, for appellants.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith and James F. Campion, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

The county collector of Du Page County filed his application for judgment for sale of real estate for delinquent 1971 taxes and for judgment fixing the correct amount of any taxes paid under protest. David G. Runyan and certain other taxpayers filed objections to the application for judgment. Thereafter, the taxpayers were given leave to file an "amended complaint."

The amended complaint was filed in due time, the State's Attorney moved to dismiss and after a hearing the circuit court dismissed with prejudice. The taxpayers appeal.

The amended complaint sets forth the following basic facts:

In 1971 the township assessor of Wayne Township, Du Page County, raised all real estate valuations by about 10%. In the face of an enormous number of complaints about these assessments the Du Page County Board of Review at an official meeting applied a .9000 multiplier to the valuations. Notice of the Board's action was published April 20, 1972.

On May 31, 1972, at a secret meeting held at the behest of the assessor and the supervisor of assessments the board eliminated the reduction and restored the original assessments. No notices were given prior to this meeting and none thereafter. Further, although the term of the board chairman had not yet ended, a new chairman purported to preside.

Count I is a class action on behalf of all Wayne Township taxpayers who paid 1971 taxes and requests equitable relief. Count II is brought under the quo warranto act and Count III is brought for double damages under the provisions of section 323 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 804).

There can be no question but that notice and hearing required by the statute are jurisdictional and a prerequisite to board action in establishing a "township multiplier." *People ex rel. Miller v. Doe*, 22 Ill. 2d 211, 217.

## COUNT I

In *Clarendon Associates v. Korzen*, 56 Ill.2d 101, the supreme court reexamined at length its prior decisions relating to the granting of relief by way of injunction or declaratory judgment in the case of allegedly excessive assessments and held that the remedy at law provided by way of paying the taxes under protest and filing objections to the application for judgment provides an adequate remedy.

Soon thereafter in *La Salle National Bank v. County of Cook*, 57 Ill.2d 318, the court again held the legal remedy by way of payment under protest followed by objections to the application for judgment provides an adequate remedy. In a more recent case, *Hoyne Savings & Loan Association v. Hare*, 60 Ill.2d 84, the court found the unusual circumstances of a grossly excessive assessment (from $9,510 to $246,810), plus other factors including an implied acknowledgement by the assessing officials that the assessment was grossly excessive, would warrant the case to fall within the exception to the general rule announced in *Clarendon*.

■■ We believe that the taxpayers here have an adequate remedy at law (their objections to application for judgment filed on January 8, 1973, are still pending) and that the trial judge was correct in dismissing Count I of the "amended complaint."

## COUNT II

■■ Under the quo warranto act (Ill. Rev. Stat. 1973, ch. 112, par. 10,) the statute names the persons who may bring the action. Where individual rights are involved and an individual desires to file a complaint in quo warranto on his own relation after the Attorney General or State's Attorney refuses his request to institute the proceedings, he must first obtain leave of court after giving notice to the attorney general and state's attorney. *People v. Wood*, 411 Ill. 514; 30 Ill. L.&Pr. *Quo Warranto* § 24 (1957); *People ex rel. Hettleman v. Board of County Commissioners*, 102 Ill.App.2d 310, 316.

Plaintiffs here have failed to meet the above requirements and accordingly Count II was properly dismissed by the trial court.

## COUNT III

The taxpayers as individuals and for the class they represent and in the name of the People of the State of Illinois here sue the assessor, the supervisor of assessments, the two members of the board as well as the new chairman under the provisions of section 323 of the Revenue Act which provides in pertinent part:

"Every · * * * officer who shall * * * consent to or connive at any evasion of [the] provisions [of the act], whereby any proceeding required by this Act shall be prevented or hindered, * * * shall, for every such offense, neglect or refusal, be liable, on the complaint of any person, for double the amount of the loss or damage caused thereby, to be recovered in a civil action in the name of the People of the State of Illinois * * *." Ill. Rev. Stat. 1973, ch. 120, par. 804.

The defendants contend that this suit must be brought by the State's Attorney and that damages if any must go to the county. *People ex rel. Pope County v. Shetler*, 318 Ill.App. 279, the only case we were favored with, is not, even remotely, on point. In *Indianapolis & St. Louis R.R. Co. v. People*, 91 Ill. 452, a penalty case brought in the name of *"People of the State of Illinois for the use of Maurice L. Whiteside,"* the court held the suit properly brought stating that the words "for the use of Maurice L. Whiteside" could be rejected as surplusage, that it is no concern to the defendant what disposition is made of the money when collected, that after the money is collected the State's Attorney may then under certain conditions contest the right of beneficial plaintiff and claim the money for the people. In *People v. Gulf, Mobile, & Ohio R.R. Co.*, 125 Ill.App. 2d 473, 477, a penalty case, the court stated, "While the State's Attorney's Act makes it the duty of the State's Attorney to prosecute such a suit, we do not believe that the fact that he was not asked to do so or refused to do so militates against the right of any person to sue in the name of the People of the State of Illinois with his own counsel."

■■■ Actions to recover a penalty are in their nature quasi-criminal in character. (19 Ill. L.&Pr. *Fines, Forfeitures, & Penalties* § 8 (1956).) Prior to the Civil Practice Act (section 31), which abolished "the names heretofore used to distinguish the different ordinary actions at law * * *," the action for recovery of this penalty was debt, a pure common-law action. In Illinois there can be no class or representative suits in pure law actions. (29 Ill. L.&Pr. *Part'es* § 13 (1957); *Moseid v. McDonough*, 103 Ill.App.2d 23, 28 (whether there exists a purely equitable cause of action); *Fetherston v. National Republic Bancorporation*, 280 Ill.App. 151; *Langson v. Goldberg*, 373 Ill. 297, 301 (personal to the person who suffered the fraud).) We believe the action here to be personal to the person who suffered by the connivance, if any, and cannot be made the basis of a class suit. The named individuals complaining in the name of the People of the State of Illinois have stated a cause of action on behalf of themselves as individuals but have not stated a cause of action for a class suit. That part of the judgment dismissing Count III

as to the individual plaintiffs must be reversed and remanded for further proceedings.

Affirmed in part; reversed and remanded in part for further proceedings.

RECHENMACHER, P. J., and T. MORAN, J., concur.