(No. 50676.—

JAMES McCABE, Appellee, v. JAMES BURGESS, State's Attorney, *et al.,* Appellants.

*Opinion filed April 18, 1979.—Rehearing denied May 30, 1979.*

MORAN and CLARK, JJ., dissenting.

Thomas J. Difanis, State's Attorney, of Urbana (James E. Souk, Assistant State's Attorney, and Mark Weber, law student, of counsel), for appellant.

Robert I. Auler, of Urbana (Mark DeBofsky, law student, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

James McCabe brought this suit to enforce the holdings of our prior decisions of *People v. McCabe* (1971), 49 Ill. 2d 338, and *People v. Meyerowitz* (1975), 61 Ill. 2d 200, through a class action. (James McCabe is not the same person as the defendant in *People v. McCabe*.) The Champaign County circuit court dismissed the class action. The appellate court reversed. (57 Ill. App. 3d 450.) We granted leave to appeal. The primary issue presented for review is the validity of the trial court's

refusal to certify a class action.

James McCabe has alleged that he was convicted and paid a fine under the Illinois Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49.1). That law, as it related to marijuana, was declared unconstitutional in *People v. McCabe* (1971), 49 Ill. 2d 338. Subsequently, this court ruled that all those convicted under the Act had a right to the expungement of their conviction and the return of any fine money and court costs attributable to those convictions. (*People v. Meyerowitz* (1975), 61 Ill. 2d 200.) McCabe now seeks to bring this action on his own behalf and as a representative "of a class of persons, consisting of persons convicted for violations of the 1969 Illinois Uniform Narcotic Drug Act involving sale, possession or control of marijuana." Though not shown on the face of the pleadings, the briefs, the trial court, and the appellate court considered the class that McCabe purports to represent as being only those persons convicted in Champaign County.

On the defendant's motion, the trial court dismissed McCabe's amended complaint. In a written memorandum the trial court specifically found that the question of law common to the members of the purported class had been decided in *People v. McCabe* and *People v. Meyerowitz*. The court also found that a class action would not in any way relieve the court or the litigants of any burden or time expended in resolving the factual questions material to the claimants' right to recover and that the factual questions that would be involved would require the examination of each individual case. Thus the court found that there were no unresolved questions of law or fact common to the members of the class and that maintaining the class action would not result in an increased efficiency in the adjudication of the claims. The court also rejected McCabe's claim that the right to notify each member of the class of his right of expungement and reimbursement was a common

question of law or fact which would support a class action. The court noted that McCabe's right, and the right of the other members of the class, was to have the convictions expunged and to recover the fines and costs that had been collected. McCabe and the other members of the purported class would not have a right to have the others who had been convicted under the same statute notified of their right of expungement and recovery.

This action began prior to enactment of the Illinois class action statute (Ill. Rev. Stat. 1977, ch. 110, pars. 57.2 through 57.7). This court has held that since the statute is procedural in nature, it is applicable to pending cases. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 337.) The class action statute sets out very clearly the requirements for maintenance of a class action.

> "Prerequisites for the maintenance of a class action.
>
> (a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Ill. Rev. Stat. 1977, ch. 110, par. 57.2.)

This section of the statute, in essence, codifies the previous holdings of this court as to the prerequisites to the maintenance of a class action. Although the trial court in this case rendered judgment prior to the effective date of the statute, it, nonetheless, bottomed its decision on the absence of certain prerequisites which had been considered essential under the case law of this State, and which have been incorporated in the statute as prerequisites. Under

the statute, the proponent of the class action has the burden of establishing these prerequisites and the court must find them present before it can sanction the maintenance of the action as a class action. (Ill. Ann. Stat., ch. 110, par. 57.2, Supplement to Historical and Practice Notes (Smith-Hurd Supp. 1978).) Here the trial court specifically found the absence of certain of these prerequisites, notably: (1) Questions of law or fact common to the class which predominate over any questions affecting only individual members, and (2) The class action would be an aid in efficient adjudication of the controversy.

Class certification under Federal Rule 23 of the Federal Rules of Civil Procedure is a matter within the discretion of the trial court. (*Montgomery v. Rumsfeld* (9th Cir. 1978), 572 F.2d 250, 255; *City of New York v. International Pipe & Ceramics Corp.* (2d Cir. 1969), 410 F.2d 295, 298.) When the trial court applies the criteria of Rule 23 to the facts of the case, it "has a broad discretion in determining whether the action may be maintained as a class action and its determination should be given great respect by a reviewing court." (3B J. Moore, Federal Practice sec. 23—437 (2d ed. 1978).) Only a clear abuse of discretion or an application of impermissible legal criteria as shown justifies a reversal of the trial court. (*Yamamoto v. Omiya* (9th Cir. 1977), 564 F.2d 1319, 1325; *Carey v. Greyhound Bus Co.* (5th Cir. 1974), 500 F.2d 1372, 1380.) This has been the standard of review which this court has applied in cases where discretion has been vested in the trial court. In *Whitney v. Madden* (1948), 400 Ill. 185, 190, this court stated: "[W]here the trial court has the power of judicial discretion and exercises it without abuse, and within the scope of the law, such action will not be disturbed by the reviewing courts." In *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4, this court also stated: "In this case the appellate court reversed

the trial court, apparently not because that court had abused its discretion, but because the appellate court felt that the trial court's discretion had not been 'wisely exercised.' In our opinion the appellate court misapprehended its role and misapplied the governing principles."

In our opinion, the appellate court in this case likewise misapprehended its role and misapplied the governing principles with regard to the holding of the trial court that the two prerequisites to a class action set out above were not present in the case. The appellate court, in reviewing this determination of the trial court, did not assess the discretion exercised by the trial court and did not find that it had abused the discretion vested in it. Instead, the appellate court itself assessed the facts of the case and concluded: "This is the kind of case that is well suited for a class action." The court then reversed the circuit court and remanded the cause for further proceedings. 57 Ill. App. 3d 450, 455.

Although the trial court considered the size of the class and the fairness of a class action to the members of the class, we view as controlling its determination that there were no questions of law or fact common to the members of the class to be litigated in a class action and that the class action would not result in any increased efficiency to the court or to the litigants in the adjudication of the claims. Under section 57.2 of the Civil Practice Act these prerequisites must be established by the proponents of the class action. We find that the determination of the trial court as to the absence of these two criteria did not constitute an abuse of discretion.

The common issues that would have justified maintaining this class action were the unconstitutionality of the Uniform Narcotic Drug Act as it applied to marijuana (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49), and the right of those who had been convicted under the Act to have their convictions expunged and their fines and

costs refunded. These were the two common questions that predominated over questions which would affect only individual members of the class, such as the nature of the offenses of which they were convicted and the amount of fines and costs paid. In a class action it is appropriate to litigate the questions of law or fact common to all members of the class and after the determination of the common questions to determine in an ancillary proceeding or proceedings the questions that may be peculiar to individual class members. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 340-42.) However, the question of the validity of the statute was decided by this court in *People v. McCabe* and the right of those convicted under the invalid statute to have their convictions expunged and their costs and fines refunded was established in *People v. Meyerowitz*. Thus, the common questions which predominate over the questions that relate only to the individual class members had been decided in these other cases. These questions are no longer controverted. All that remains are the questions that relate only to individuals who were convicted under the invalid statute: (1) Of what offense was each convicted? and (2) What were the fines and costs paid? These questions must be determined as to each individual. There is no common question which predominates to be adjudicated independently of these questions that relate only to the individuals.

McCabe has cited *Ross v. City of Geneva* (1978), 71 Ill. 2d 27, and *Gulish v. United States* (W.D. Pa. 1978), 78 F.R.D. 515, as precedent for certifying this class action despite the resolution of the common questions of validity, expungement and reimbursement. Both cases are inapposite. In *Ross* the class action was brought to resolve the validity of an ordinance imposing a surcharge on electric bills. Though individual surcharges would later be examined, the predominant question was the ordinance's

validity. The general validity question and the individual remedy questions were brought as part of the same proceeding. Similarly in *Gulish,* the Federal district court allowed the class action to proceed because the predominant question of the right to return of fines under the Tucker Act had been resolved in the same action by appellate review. (*Neely v. United States* (3d Cir. 1976), 546 F.2d 1059, *rehearing denied* (3d Cir. 1977), 554 F.2d 114.) In contrast, the action here is a separate and distinct case from the prior determinations in *People v. McCabe* and *People v. Meyerowitz.* At no time were there common questions in this action which predominated over the individual issues.

McCabe alleged that the common question is whether the class members may receive actual notice of their potential legal remedies to have their conviction records expunged and their fines and costs refunded. The plaintiff has misunderstood the common-question requirement. The trial court held that although notice is an element of a class action, the simple desire to notify other potential claimants is not justification, in and of itself, for the maintenance of a class action. The court held that McCabe is entitled to the expungement of his record and the recovery of his fine, but that he has no right or interest in the simple act of notifying others who might be entitled to similar relief. This holding does not constitute an abuse of the trial court's discretion. Under our class action statute, the giving of notice to other members of the class is not mandatory; therefore, the class members have no clear right to notice. In fact, the determination of whether an action may be maintained as a class action and the determination of whether notice must be given, and in what manner and to whom, are separate discretionary determinations which the trial court must make. (Ill. Rev. Stat. 1977, ch. 110, par. 57.4.) Notice, therefore, is not a common question of law or fact which will satisfy the

common-question prerequisite.

In this case, tied closely to the absence of the common-question prerequisite is the determination by the court that a class action would not result in increased efficiency in adjudicating the claims of those who had been convicted under the invalid statute. This requirement, which found its pronouncement in case law, is now incorporated in section 57.2(4) of our class action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(4)), which requires a finding that the class action is an appropriate method for the fair and efficient adjudication of the controversy. The supplement to the historical and practice notes to this section states that this requirement is derived from Rule 23(b)(3) of the Federal Rules of Civil Procedure. (Ill. Ann. Stat., ch. 110, par. 57.2(a)(4), Supplement to Historical and Practice Notes (Smith-Hurd Supp. 1978).) In a recent publication on class actions in Illinois, published before the adoption of our statute, the author, speaking of the requirements of Federal Rule 23(b)(3), states:

> "Under this prerequisite, the court determines whether a class action in a particular case can best secure the economies of time, effort, and expense, and promote uniformity of decision or accomplish other ends of equity and justice sought to be attained in these actions." (Forde, *Class Actions in Illinois: Toward a More Attractive Forum For This Essential Remedy*, 26 De Paul L. Rev. 211, 225 (1977).)

Although our statute requires a finding that the class action "is an appropriate method for the fair and efficient adjudication of the controversy" (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(4)), whereas, Federal Rule 23(b)(3) requires the court to find that a class action "is superior to other available methods for the fair and efficient adjudication of the controversy," the difference in the language does not require us to discard the construction that has been given to the Federal rule as it relates to the econo-

mies to be affected through the use of class actions.

The trial court in this case noted there would be no increased judicial efficiency through the use of a class action. Since the questions common to all claims had been previously determined, the court found that the remaining factual questions would require the examination of each court file involved and a separate determination in each case. The court further stated that the "class action would in no way render the disposition of the individual, factual questions any more expeditious." The court also found that the class action would not avoid a multiplicity of suits. As to the necessity of using the class action to accommodate the claimants and to facilitate recovery by them, the trial court noted that it "has heretofore, on motion of certain defendants in their individual cases, granted the relief decreed in *Meyerowitz* ***."

For these reasons we hold that the trial court did not abuse its discretion in denying relief to maintain the action in this case as a class action. This does not, however, reflect upon McCabe's right to maintain his individual claim. The judgment of the appellate court is therefore reversed and the judgment of the circuit court of Champaign County is affirmed, and the cause is remanded to the circuit court of Champaign County.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*

MR. JUSTICE MORAN, dissenting:

I dissent. Initially, I take issue with what I consider to be an unduly narrow view of the phrase "questions of fact or law common to the class," which is part of the second prerequisite for the maintenance of a class action under the statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2).

In sanctioning the dismissal of the class action, the majority relies primarily on the trial court's determination

that, in light of our prior decisions in *People v. McCabe* (1971), 49 Ill. 2d 338, and *People v. Meyerowitz* (1975), 61 Ill. 2d 200, there were no common questions of law or fact to be litigated. Asserting that the common questions (the unconstitutionality of the Uniform Narcotic Drug Act as it applied to marijuana and the right of those convicted to have their convictions expunged and their fines and costs refunded) predominate over any individual questions, the majority intimates that this action could have been maintained as a class action if the common questions had not been previously resolved. Thus, it is evident that the majority reads the common-question requirement to mean *unresolved* questions of fact or law common to the class. In effect, then, plaintiff's claim is denied class action status merely because another individual has already sought and obtained the relief which plaintiff presently seeks on behalf of the class. In my view, this is an unjust result and one that would allow any potential member of any potential class, regardless of motive, to abort an otherwise valid class action against an alleged wrongdoer.

Here, each potential class member would have the same claim, *i.e.*, expungment of his conviction and the return of any fines and costs paid. The class action would make the right of relief and recovery available to individual class members who, to a large extent, could not otherwise obtain it because they would be uninformed of its availability and because of the expense of a separate lawsuit. (See Gordon, *The Common Question Class Suit Under the Federal Rules and in Illinois*, 42 Ill. L. Rev. 518, 519-20 (1947).) Furthermore, the decision to exercise the common right to relief and recovery would foster a multiplicity of suits, thus defeating another purpose of class action litigation.

Not only does the majority preclude class action status, but the unperceived import of the majority's reasoning will be to deny the right of others similarly

situated to join as parties plaintiff. The statutory provision governing joinder of plaintiffs (Ill. Rev. Stat. 1977, ch. 110, par. 23), like the class action statute, requires that there be a "common question of law or fact." Because all common questions have been previously resolved, the majority's interpretation (that any common questions must be as yet unresolved) would thus also serve to bar the use of joinder.

Additionally, the majority cites the trial court's determination that the class action would not result in any increased efficiency to the court or to the litigants in the adjudication of the claims. It finds that such determination was within the trial court's broad discretionary powers. I disagree. Because it granted defendant's motion to dismiss on the pleadings, the trial court had before it no evidence by which to arrive at such determination. In its order, the court summarily stated, "It is difficult to perceive how proceeding in a class action would in any way relieve the court or litigants of any burden or time expended ***." It is my opinion that the plaintiff should have been permitted to have a hearing and to present evidence on this matter. For this reason, I feel that the trial court abused its discretion, and the determination which resulted from that abuse should not serve as a basis for the majority's holding here.

In sum, I believe that plaintiff has satisfied the common-question requirement and that the trial court abused its discretion in granting defendant's motion to dismiss. I would therefore reverse the trial court's dismissal of the class action and remand the cause to that court for further proceedings.

MR. JUSTICE CLARK joins in this dissent.