CHICAGO PRINCIPALS ASSOCIATION *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division) No. 78-72

Opinion filed May 21, 1980.

Ronald S. Cope, of Ancel, Glink, Diamond & Murphy, P. C., of Chicago, for appellants.

Michael Murray, Patricia J. Whitten, Earl B. Hoffenberg, and Patrick D. Halligan, all of Chicago, for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiffs, Chicago Principals' Association, Mary A. Saxton,

Nicholas P. Kushta, Daniel W. Caldwell, Edmund J. Kubik, Clara M. Spaulding and Richard C. Portee, filed a complaint for declaratory judgment and injunctive relief against the Chicago Board of Education and the general superintendent of the board of education, seeking a rescission of the transfers of the individual plaintiffs to lower administrative grade levels and an award of damages for loss of salary. On March 31, 1977, the trial court granted the defendants' motion to strike the complaint and dismiss the action. The plaintiffs' motion to vacate this order was denied on October 17, 1977. It is from these two orders that the plaintiffs have appealed.

On February 27, 1974, a memorandum of understanding was entered into between the board of education of the city of Chicago and the Chicago Principals Association which established procedures for consideration of professional matters and grievances. This memorandum was effective from September 1, 1973, to December 31, 1974. On February 25, 1976, the parties executed a similar memorandum for the period of January 1, 1975, to December 31, 1976.

Both memoranda contained the following provision:

"7—4. Administrative transfers may be made only to a position of equal or higher category, unless specific reasons are given to the principal in writing. Time for examination of reasons and a conference with the General Superintendent, or his designee, shall be provided before any such transfer is effected. Nothing herein shall be construed to alter or affect in any way present policy and practice applicable to the EI and/or E2 evaluation procedure."

Pursuant to a report of the board of education dated January 8, 1975, the individual plaintiffs were transferred from their positions as high school principals to positions as elementary school principals. These transfers were effective January 13, 1975, and resulted in lower administrative grade levels and reductions in salary. The principals were not given specific reasons in writing prior to their transfers, nor were they afforded a conference to discuss said transfers.

Count I of the plaintiffs' complaint alleged that the board of education breached section 7—4 of the memorandum of understanding. In count II the plaintiffs alleged that they had a vested right in their position as high school principals which could not arbitrarily be taken away without the opportunity for a hearing satisfying minimum due process requirements.

The following issues are presented for consideration on appeal:

1. Whether the memorandum of understanding was an enforceable contract in effect at the time of the transfers.

2. Whether section 7—4 of the memorandum of understanding unlawfully restricts the board's power to transfer principals.

3. Whether the plaintiffs possess a property right in their positions and administrative grades.

4. Whether the trial court properly dismissed the complaint.

## I

The board contends that the memorandum of understanding was not an enforceable contract in effect at the time of the transfers. The board further denies the existence of a contract at all, and supports this conclusion by stating that the memorandum is not titled a contract and that its terms are tentative and vague.

We disagree with the board's argument that the memorandum was not a contract. The fact that the document was not titled "contract" is irrelevant, because the legal effect of the document is not determined by the label which it bears. *Bonde v. Weber* (1955), 6 Ill. 2d 365, 128 N.E.2d 883.

■■ In the memorandum the board recognizes the Chicago Principals Association as the official organization representing principals who desire that it act as their spokesman in consideration of professional matters involving working conditions, salaries, welfare and professional responsibility. In addition, the memorandum provides for a detailed and specific plan concerning the resolution of grievances and the appeal of said decisions. After an examination of the entire document, we believe that both parties intended to be bound by this agreement.

The board points out that the individual plaintiffs were transferred on January 8, 1975, subsequent to the expiration of the 1974 memorandum. It claims that even though the subsequent memorandum adopted in 1976 covered the period of January 1, 1975, to December 31, 1976, it obviously did not intend to invalidate its prior action involving the plaintiffs' transfers.

The plaintiffs reply that the plain language of the 1976 memorandum reveals that it was to be effective as of January 1, 1975. In addition, they refer to a letter, dated March 6, 1975, from the general superintendent of schools to the president of the Chicago Principals Association, which was attached to their complaint, in which it appears that the superintendent believed the memorandum to be effective at the time of the transfers, since he stated: "After careful consideration, we find that there has been no violation of Article 7—4."

■■ The primary object of the construction of a contract is to give effect to the intention of the parties. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683.) The most reliable index of the parties' intent is the language contained in the contract. (*Body v. United Insurance Co. of America* (1979), 72 Ill. App. 3d 594, 391 N.E.2d 19.)

When the language contained in a contract leaves the true intent of the parties in doubt, extrinsic evidence is admissible to resolve the conflict. (*Lichtenstein v. Anvan Co.* (1978), 62 Ill. App. 3d 91, 378 N.E.2d 1171.) The intent of the parties becomes a question for the trier of fact which is determined by the presentation of evidence. (*Standard Steel & Wire Corp. v. Chicago Capital Corp.* (1975), 26 Ill. App. 3d 915, 326 N.E.2d 33.) Although the trial court did not specify the reason for dismissing count I of the plaintiffs' complaint, it was error to resolve the question of intent on a motion to strike and dismiss. Evidence should have been presented on the intent of the parties as to the retroactive portions of the 1976 memorandum.

## II

The second issue for consideration is whether section 7—4 of the memorandum restricts the board's power to transfer principals as set forth in the School Code. The Code provides in pertinent part that:

"Appointments, promotions and transfers of teachers, principals * * * shall be made * * * by the board only upon the recommendation of the general superintendent of schools or by a majority vote of the full membership of the board * * *." (Ill. Rev. Stat. 1973, ch. 122, par. 34—8.)

The board contends that section 7—4's requirement of a written explanation of the transfer and a conference with the general superintendent of his designee unlawfully restricts the board's discretionary power to transfer and is therefore unenforceable.

Although collective bargaining agreements are not against public policy, the statutory powers and duties of boards of education cannot be delegated or limited by contract. (*Board of Education v. Rockford Education Association, Inc.* (1972), 3 Ill. App. 3d 1090, 280 N.E.2d 286.) Our courts have refused to enforce provisions in agreements which delegated to an arbitrator decisions concerning the appointment, transfer, promotion and dismissal of teachers. (*Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 343 N.E.2d 473; *Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 338 N.E.2d 463; *Board of Education v. Johnson* (1974), 21 Ill. App. 3d 482, 315 N.E.2d 634; *Board of Education v. Rockford Education Association, Inc.* In addition, the courts have declared unenforceable provisions in collective bargaining agreements which attempted to change the procedures by which a nontenured teacher is dismissed, contrary to the applicable State statute. (*Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Wesclin Education Association v. Board of*

*Education* (1975), 30 Ill. App. 3d 67, 331 N.E.2d 335; *Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association.*

The plaintiffs recognize the above cited authorities, but maintain that section 7—4 does not interfere with nor restrict the board's discretionary power to transfer principals and does not delegate the decision-making process to an arbitrator. In addition the plaintiffs urge that *Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516, is almost directly on point. That decision involved a teacher who was transferred from the position of counselor to the position of instructor with no reduction in salary. The collective bargaining agreement in effect at the time of the transfer provided that an involuntary change in employment status shall be for just cause and preceded by an evaluation procedure, a written explanation of the transfer, a review of the file by the superintendent or his designee with the teacher and, if requested by the teacher, a hearing before the board. The board failed to follow these procedures. The appellate court upheld the enforcement of the agreement, concluding that it did not restrict the power of the board to hire, discharge or transfer, nor require the board to delegate authority. The court noted:

> "[T]he provisions do no more than establish certain procedures, consistent with ordinary concepts of fairness, which procedures the Board agreed to follow. None of the procedures limit the power of the board to exercise its absolute discretion unfettered by any considerations save fundamental fairness." 15 Ill. App. 3d 224, 228.

██ We believe that in the instant case section 7—4 places no restriction on the board's power to transfer principals. The provision requires that before a principal is transferred to a lower administrative grade level with a corresponding reduction in salary, he or she must be informed in writing of the reasons for the transfer, and, if requested, afforded a conference for discussion of said reasons. The provision does not attempt to establish any conditions which must be satisfied before a principal can be transferred; it merely establishes procedures "consistent with ordinary concepts of fairness." *Classroom Teachers Association v. Board of Education* (1973), 15 Ill. App. 3d 224, 228.

The board contends that the decision in *Classroom Teachers Association* was seriously undermined by the two subsequent supreme court decisions, *Illinois Education Association v. Board of Education* and *Board of Trustees v. Cook County College Teachers Union.* We disagree with this conclusion.

In *Illinois Education Association* a discharged probationary teacher filed suit alleging that the board of education failed to comply with

evaluation procedures prior to discharge as required by a collective bargaining agreement. The supreme court noted that the board had terminated the teacher in compliance with the specific procedures established in the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 24—11), and concluded that this power to terminate could not be restricted by agreement.

The court in *Classroom Teachers Association* had recognized this principle of law that the board's powers cannot be restricted; however, the court had determined that the provision in the collective bargaining agreement placed no restrictions on the board's powers. We reach the same conclusion in the present case.

The *Board of Trustees* decision reiterated the holding in *Illinois Education Association* that the board's duties in appointing teachers are nondelegable. The three consolidated cases in that opinion concerned the legality of the board's delegating to an arbitrator decisions concerning the appointment, promotion and dismissal of teachers. Neither the disputed provisions in *Classroom Teachers Association* nor the provision in the instant case involved the delegation of any power to an arbitrator.

### III

The third issue raised by the plaintiffs is whether they had a property right in their positions and administrative grades which the board could not arbitrarily and discriminatorily take away. In *Perry v. Sindermann* (1972), 408 U.S. 593, 601, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694, 2699, the United States Supreme Court held:

> " '[P]roperty' interests subject to procedural due process protection are not limited by a few rigid, technical forms. * * * A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing."

■■ In the present case there was in existence at the time of the transfers an enforceable contract which provided that a principal would not be transferred to a lower administrative grade level with a corresponding reduction in salary without receiving a written explanation for the board's action. We believe that pursuant to *Perry v. Sindermann*, this agreement gave the plaintiffs a sufficient property interest in their administrative grade level which entitled them to due process protection.

The cases cited by the board in support of its argument that Illinois law does not recognize a property interest in continued employment in a particular position are distinguishable. In *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 230 N.E.2d 893, the court held that the teacher tenure act (Ill. Rev. Stat. 1965, ch. 122, par. 24—11) provides for tenure as

a certified employee of the school district, not tenure in a particular position. The court interpreted the teacher tenure act, a statute which does not apply to the Chicago Board of Education and did not discuss any property right acquired as the result of a contractual provision.

Likewise, in *Van Dyke v. Board of Education* (1969), 115 Ill. App. 2d 10, 254 N.E.2d 76, the court held that pursuant to the teacher tenure act, a principal does not acquire tenure as a principal, but does acquire tenure as a certified employee of a school district.

In *Danno v. Peterson* (N.D. Ill. 1976), 421 F. Supp. 950, the plaintiff alleged a deprivation of a property interest in his continued employment as a principal. Citing *Lester* and *Van Dyke*, the court concluded that Illinois law does not recognize a property interest in continued employment in a particular position. Again, the court was construing the teacher tenure act. It is interesting to observe that the court specifically commented:

> "[I]t must be noted that the plaintiff does not predicate his claim to a right to a hearing on any provision of the collective bargaining agreement. See, e.g., *Classroom Teachers Asso. v. Board of Education* * * *." 421 F. Supp. 950, 953.

The defendants also cite *Kolz v. Board of Education* (7th Cir. 1978), 576 F.2d 747, in which the Court of Appeals held that the District Court did not abuse its discretion in denying a requested injunction to prohibit the transfer of teachers from one Chicago public school to another pursuant to a plan for integration. In *Kolz*, however, the transfers did not result in reductions of administrative grade levels and salaries, and there was no evidence of a pertinent collective bargaining agreement.

## IV

The plaintiffs' final argument is that the trial court erred in dismissing their complaint for failure to state a cause of action.

The Civil Practice Act provides that pleadings are to be liberally construed with a view of doing substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) Therefore, when the trial court rules on a motion to dismiss a complaint for failure to state a cause of action, all facts properly pleaded must be taken as true. *Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722; *Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 369 N.E.2d 67.

In count I of the complaint the plaintiffs alleged the breach of contract which we have determined to be valid. In count II the plaintiffs alleged that they were deprived of a property right without due process protection. We believe both counts of the complaint state a cause of action; therefore, the trial court erred in dismissing the complaint.

For the foregoing reasons the judgment of the circuit court is reversed and the matter is remanded.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.