LARRY GUTANSKY *et al.*, Plaintiffs-Appellants, *v*. ADVANCE MORTGAGE CORPORATION, Defendant-Appellee.

First District (4th Division)    No. 80-2905

Opinion filed December 3, 1981.

Michael J. Goldstein, Allen L. Kaplan, and Larry D. Drury, all of Chicago, for appellants.

Edwin A. Rothschild, Allan M. Posner, and Steven H. Frankel, all of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiffs attempted to bring a class action to recover statutory penalties for failure to release a mortgage within the 30 days required by

law. The court refused to certify the class action; plaintiffs were granted judgment on their individual claim. The plaintiffs have appealed the denial of certification. We affirm.

Section 2 of "An Act relating to mortgages of property of public utilities" (Ill. Rev. Stat. 1977, ch. 95, par. 52) provides in part:

"Every mortgagee of real property, his assignee of record, or other legal representative, having received full satisfaction and payment of all such sum or sums of money as are really due to him from the mortgagor, and every trustee, or his successor in trust, in a deed of trust in the nature of a mortgage, the notes, bonds or other indebtedness secured thereby having been fully paid after the effective date of this amendatory Act of the 78th General Assembly [October 1975], shall make, execute and deliver to the mortgagor or grantor in a deed of trust in the nature of a mortgage, his heirs, legal representatives or assigns, an instrument in writing releasing such mortgage or deed of trust in the nature of a mortgage or shall deliver that release to the recorder or registrar for recording or registering. If the release is delivered to the mortgagor or grantor, it must have imprinted on its face in bold letters at least 1/4 inch in height the following: 'FOR THE PROTECTION OF THE OWNER, THIS RELEASE SHALL BE FILED WITH THE RECORDER OF DEEDS OR THE REGISTRAR OF TITLES IN WHOSE OFFICE THE MORTGAGE OR DEED OF TRUST WAS FILED'. The recorder, or registrar, upon receipt of such a release and the payment of the recording or registration fee, shall record or register the release."

Section 4 of "An Act relating to mortgages of property of public utilities" (Ill. Rev. Stat. 1977, ch. 95, par. 54) provides:

"If any mortgagee or trustee, in a deed in the nature of a mortgage, of real property, or his executor or administrator, heirs or assigns, knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed, comply with the requirements of Section 2 of this Act [paragraph 52], he shall, for every such offense, be liable for and pay to the party aggrieved the sum of $200 which may be recovered by the party aggrieved in a civil action, together with reasonable attorney's fees. In any such action, introduction of a loan payment book or receipt which indicates that the obligation has been paid shall be sufficient evidence to raise a presumption that the obligation has been paid. Upon a finding for the party aggrieved, the court shall order the mortgagee or trustee, or his executor or administrator, heirs or assigns, to make, execute and deliver the release as provided in Section 2 of this Act. The successor in interest to the mortgagee or trustee in a deed in the nature of a mortgage shall not

be liable for the penalty prescribed in this Section if he complies with the requirements of Section 2 of this Act within one month after succeeding to the interest."

In 1977, plaintiffs Larry and Cynthia Gutansky paid a secured debt owed to defendant Advance Mortgage Corporation. Admittedly defendant did not release the mortgage within the 30 days required by statute. Plaintiffs thereafter filed this action to recover the statutory penalty for themselves and others similarly situated.

The defendant filed a motion for a finding the action could not be maintained as a class action contending (1) a class action could not be brought to recover a penalty, (2) there was no common question of law or fact, citing *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230. The trial judge granted defendant's motion. While no findings or reasons were included in the order, it appears from the record that the order was entered because the judge believed "class action[s] cannot be maintained to recover a pecuniary statutory penalty."

The trial court also refused to allow an immediate appeal of the denial of class certification. Thereafter summary judgment was entered for plaintiff for the $200 penalty and $200 attorney's fees. It does not appear from the record that defendant, at any time after class certification was denied, disputed its liability on the individual claim. Because plaintiff refused to accept the award and release defendant, payment was made to the court.

I

■■ Section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2), sets out the requirements for the maintenance of a class action:

"Prerequisites for the Maintenance of a Class action. (a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." ·

This statute banished many factors previously held to be requisite. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.)

While class certification is a matter within the discretion of the trial court, the court will be reversed where it considered impermissible legal criteria, that is, criteria not set forth in the statute. (*McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230.) Whether a complaint seeks to recover a statutory penalty is not listed among the four criteria.

■■ ■ The defendant relies on *Runyan v. Kelley* (1975), 31 Ill. App. 3d 600, 335 N.E.2d 42, which held that a class action cannot be maintained for a penalty. *Runyan* was decided prior to the enactment of the class action statute and based its decision on the rationale that a class action could only be brought in equity and an action for a penalty is brought in law. The words in the class action statute "An action may be maintained as a class action *in any court*" (emphasis added) emphasize that the class actions so authorized are not to be limited to their historic role as creatures of equity. (Ill. Ann. Stat., ch. 110, par. 57.2, Supplement to Historical and Practice Notes, at 132, (Smith-Hurd 1981).) A class action may now be brought in any court and is not limited to an action in equity; indeed in light of the Illinois Constitution of 1970, article VI, section 9, there no longer properly are distinct courts of law and courts of chancery. *Hoover v. May Department Stores Co.* (1978), 62 Ill. App. 3d 106, 378 N.E.2d 762, *rev'd on other grounds* (1979), 77 Ill. 2d 93, 395 N.E.2d 541.

This does not mean that the fact a statutory penalty is sought could never be considered by a trial court. A trial court must determine whether the class action is an appropriate method for the fair and efficient adjudication of the controversy. It is clear from the record, however, that the trial court did not conclude that under the particular circumstances, after considering all the factors including the size of the class, such an action would be an inappropriate method. Indeed it could not have made such a conclusion since, due to defendant's refusal to answer certain interrogatories, there was no evidence before the court as to the size of the class, the burden on the defendant if a class action is allowed and similar questions.

■■ Since it appears from the record that the trial judge, believing he had no discretion to exercise, did not consider all of the factors set forth in section 57.2 and did not exercise his discretion, we normally would reverse for a fuller development of the issue. However we believe that following *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230, we must affirm, because as a matter of law there is no predominant common question. It has always been the law of Illinois that a proper class action must present circumstances giving rise to questions of fact or law common to all the parties in the alleged class. (Forde, *Illinois's New Class Action Statute*, 59 Chi. B. Rec. 120 (1977).) For example, the claims of all

parties must be based on the common application of a statute or regulation, or all parties and class members must be aggrieved by the same or similar misconduct. To maintain a class action under Illinois law, however, the proponent must also show that the "common questions" predominate over any issues which may affect only individual members of the class. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 489.) Generally, as this court stated in *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 273, 361 N.E.2d 815, 820, *appeal denied* (1977), 66 Ill. 2d 629: "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions * * * dominate the case * * *." Such would seem to be the situation here.

However the Illinois Supreme Court recently in *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, *cert. denied* (1979), 444 U.S. 916, 62 L. Ed. 2d 170, 100 S. Ct. 230, refused to allow a class action to recover illegal fines where the unconstitutionality of the statute and the right to recover had already been established. In *McCabe v. Burgess*, plaintiff sought to bring a class action to have convictions under the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49.1) expunged and to recover the fines and costs which had been collected. In two earlier, unrelated cases it had already been established that the statute as it related to marijuana was unconstitutional and that those convicted under the Act had a right to the expungement of their convictions and the return of any fines and costs. Although the defendant clearly had acted wrongfully in the same basic manner to all members of the class, the Illinois Supreme Court affirmed the trial court's denial of class certification, stating in 75 Ill. 2d 457, 465-66, 389 N.E.2d 565, 568-69:

> "The common issues that would have justified maintaining this class action were the unconstitutionality of the Uniform Narcotic Drug Act as it applied to marijuana (Ill. Rev. Stat. 1969, ch. 38, pars. 22—1 through 22—49), and the right of those who had been convicted under the Act to have their convictions expunged and their fines and costs refunded. These were the two common questions that predominated over questions which would affect only individual members of the class, such as the nature of the offenses of which they were convicted and the amount of fines and costs paid. In a class action it is appropriate to litigate the questions of law or fact common to all members of the class and after the determination of the common questions to determine in an ancillary proceeding or proceedings the questions that may be peculiar to individual class members. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 340-42.) However, the question of the validity

of the statute was decided by this court in *People v. McCabe* and the right of those convicted under the invalid statute to have their convictions expunged and their costs and fines refunded was established in *People v. Meyerowitz*. Thus, the common questions which predominate over the questions that relate only to the individual class members had been decided in these other cases. These questions are no longer controverted. All that remains are the questions that relate only to individuals who were convicted under the invalid statute: (1) Of what offense was each convicted? and (2) What were the fines and costs paid? These questions must be determined as to each individual. There is no common question which predominates to be adjudicated independently of these questions that relate only to the individuals."

■■ Likewise in the present case, the persons whose mortgages were not timely released have a right to recover which is settled beyond doubt. Although in its original answer defendant raised the issue of the constitutionality of the statute, this issue has since been waived, and defendant conceded in its brief on appeal that it did not dispute its validity. Accordingly, as in *McCabe*, the common questions have all been settled. All that remains to be determined is whose mortgages were not timely released under the statute and the amount of attorney's fees to be assessed in addition to the penalty.

For the reason stated the judgment of the trial court is affirmed.

Affirmed.

JIGANTI and LINN, JJ., concur.