595 N.E.2d 149 (1992)
230 Ill. App.3d 628
172 Ill.Dec. 86
Tracey McCARTHY, individually and as representative of certain classes, Plaintiff-Appellant,
v.
LaSALLE NATIONAL BANK & TRUST COMPANY, as trustee under agreement no. 38558, David Zaransky, Roseland Zaransky, Sylvia Kamm, Z & K Realty Company n/k/a Ridgeview Motors, Inc., individually and d/b/a 601 Deming Place Building, and unknown owners of 601 West Deming Place, Defendants-Appellees.
No. 1-90-0696.
Appellate Court of Illinois, First District, Fifth Division.
June 5, 1992.
Rehearing Denied July 8, 1992.
*150 David S. Morris, Chicago, for plaintiff-appellant.
Shelly B. Kulwin, Chicago, for defendants-appellees.
Justice LORENZ delivered the opinion of the court:
Plaintiff appeals under Supreme Court Rule 308 (134 Ill.2d R. 308) from an interlocutory order dismissing her complaint without prejudice for failing to allege sufficient facts to maintain a class action. We consider whether plaintiff adequately alleged that there was a common question of law or fact which predominated over questions affecting only individual members of the class. For the following reasons, we reverse and remand.
In her amended seven-count complaint, plaintiff alleged that she rented an apartment in a 70-unit building from defendants under a written lease and gave them a security deposit. She alleged that defendants had a duty under State and city laws to pay their tenants 5% interest per year on the security deposits. However, when her lease expired, defendants did not pay interest on her security deposit even though she was not in default under the lease. Plaintiff requested damages as allowed under the State and city laws.
In counts I and II of the complaint, plaintiff sought to represent a class of defendants' current and former tenants who were not in default on their leases and who also did not receive interest each year on their security deposits. Plaintiff alleged that because there would be over 100 class members, joinder was impracticable. The alleged common question of law predominate among the class members was whether defendants, as a matter of consistent business practice, violated the State and city laws. The alleged common question of fact was that each violation occurred in the same manner, in that defendant wilfully failed to pay interest to each tenant. Plaintiff also alleged that her claim was the same as that of the class and that she would fairly and adequately represent the class. She also alleged that a class action was an appropriate method to adjudicate the claims.
Defendants only answered the allegations of the complaint relating to plaintiff's individual claims. They admitted that they owned the building but asserted that only one defendant, David Zaransky, was the lessor of the building. They denied plaintiff's allegation that they had a duty under State and city laws to pay interest on their tenant's security deposits but admitted that Zaransky, as lessor, had that duty. They also admitted that plaintiff was not paid interest on her security deposit although they denied that this was done illegally. They denied that plaintiff was not in default on the lease.
Instead of answering the allegations of the complaint pertaining to a class action, defendants filed a motion to dismiss those allegations under both sections 2-615 and 2-801 (Ill.Rev.Stat.1989, ch. 110, pars. 2-615, 2-801). They argued that assuming plaintiff's allegations were true as required on a motion to dismiss, it was undisputed that each member of the class was legally entitled to recover. Therefore, they contended there was no common question to resolve and the case was not appropriate for a class action. Defendants did not argue that plaintiff failed to state a cause of action on her own behalf.
*151 After a hearing, the trial judge found that there was no common question of law among the class because defendants conceded in their motion to dismiss that the tenants were entitled to interest on their security deposits. Further, he found that there was no common question of fact because each tenant's case involved a different factual situation, namely, whether the tenant defaulted on the lease. The judge dismissed the class counts of the complaint without prejudice to allow the tenants to present individual claims.
On plaintiff's motion, the judge found that his ruling involved a question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal would materially advance the litigation. He certified the following question for appeal under Rule 308:
"Whether the trial court pursuant to sec. 2-615 and 2-801 of the Illinois Code of Civil procedure properly dismissed the class action allegations of plaintiff's complaint seeking to recover interest and penalties under Ill.Rev.Stat.1985, ch. 80, sec. 101, et seq. and Municipal Code of Chicago, ch. 193.1, et seq., for failing to allege common questions of law or fact which predominate over questions which affect only individual members of the putative class."
This court granted plaintiff's application for leave to appeal from that order.
OPINION
Review of an appeal under Rule 308 is limited to the question identified by the trial court. (Thompson v. Walters (1991), 207 Ill.App.3d 531, 152 Ill.Dec. 467, 565 N.E.2d 1385.) The appellate court should not expand on the certified question to answer other questions which could have been included. Williams v. Chicago Osteopathic Medical Center (1988), 173 Ill. App.3d 125, 122 Ill.Dec. 911, 527 N.E.2d 409.
In considering a motion to dismiss under section 2-615, the court must accept as true the well-pled facts of the complaint and any reasonable inferences that can be drawn from the facts. (Ill.Rev.Stat.1989, ch. 110, par. 2-615; Hayna v. Arby's, Inc. (1981), 99 Ill.App.3d 700, 55 Ill.Dec. 1, 425 N.E.2d 1174; Society of St. Francis v. Dulman (1981), 98 Ill.App.3d 16, 53 Ill.Dec. 646, 424 N.E.2d 59.) The court may only consider the allegations of the complaint in ruling on the motion. (Saldana v. American Mutual Corp. (1981), 97 Ill.App.3d 334, 52 Ill.Dec. 651, 422 N.E.2d 860; see Steinberg v. Chicago Medical School (1977), 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634; Hayna, 99 Ill.App.3d 700, 55 Ill.Dec. 1, 425 N.E.2d 1174; St. Francis, 98 Ill.App.3d 16, 53 Ill.Dec. 646, 424 N.E.2d 59.) "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." Ill.Rev.Stat. 1989, ch. 110, par. 2-603(c).
Section 2-801 lists the prerequisites to maintain a class action: (1) the class is so numerous that joinder is impracticable; (2) there are questions of fact or law common to the class which predominate over questions affecting the individual members; (3) the representative party will fairly and adequately protect the class; and (4) a class action is an appropriate method to adjudicate the controversy. Ill.Rev.Stat. 1989, ch. 110, par. 2-801.
Plaintiff argues that the class allegations of her complaint were sufficient to survive a section 2-615 motion to dismiss and that the trial judge misapplied the holdings of McCabe v. Burgess (1979), 75 Ill.2d 457, 27 Ill.Dec. 501, 389 N.E.2d 565, and Gutansky v. Advance Mortgage Corp. (1981), 102 Ill. App.3d 496, 58 Ill.Dec. 180, 430 N.E.2d 122. The courts in both McCabe and Gutansky found that it was not an abuse of discretion to refuse to certify a class when the question of law or fact common to the class was uncontroverted.
In McCabe, plaintiff brought a class action to expunge convictions under a certain statute and to recoup the relating fines and court costs. Plaintiff relied on two previous unrelated cases in which the supreme court held that the statute was unconstitutional and that persons convicted under the statute were entitled to have their convictions expunged and their fines and costs refunded. The trial judge refused to certify *152 the class and plaintiff appealed. The supreme court noted that the two questions common to the class were whether the statute was unconstitutional and whether persons convicted under the statute were entitled to have their convictions expunged and their fines and costs refunded. However, these common questions were resolved in the two previous cases and were no longer controverted. As a result, the court found that there were no common questions which predominated over questions relating to the individual members of the class and the trial judge did not abuse his discretion in finding that the action could not be maintained as a class action. See also Gutansky, 102 Ill.App.3d 496, 501, 58 Ill.Dec. 180, 184, 430 N.E.2d 122, 126 (applied McCabe and affirmed the trial judge's refusal to certify a class seeking statutory penalties because plaintiffs' right to recover was "settled beyond doubt" when defendants waived a challenge to the constitutionality of the statute); Rodmaker v. Johns Holding Co. (1990), 205 Ill.App.3d 520, 151 Ill. Dec. 69, 563 N.E.2d 1175 (applied McCabe and reversed the trial judge's certification of a class seeking statutory penalties because liability under the statute was absolute and the validity of the statute was not in doubt).
Defendants here claim that the dismissal of plaintiff's complaint was warranted because the alleged common question of law or fact was uncontroverted. They argue that on a motion to dismiss, the allegations of plaintiff's complaint are admitted as true and therefore, it is settled that the members of the class have a right to recover as in McCabe and Gutansky.
Defendants' argument is not persuasive. A similar argument was made and rejected in Rodmaker where defendants urged the appellate court to apply McCabe because they filed a motion to dismiss which admitted the allegations of plaintiff's class action complaint. In rejecting the argument, the court explained:
"If defendants' theory is correct, the predominance and, indeed, existence of a common question upon which a request for certification of a class action is based could always be refuted by a defendant by moving to dismiss the complaint in which the request for certification is contained. The admission of the allegations of a complaint arising from a motion to dismiss is only for the purpose of determining whether a complaint states a substantive cause of action and does not affect any other aspect of the case." (Rodmaker, 205 Ill.App.3d at 524-25, 151 Ill.Dec. at 72, 563 N.E.2d at 1178.)
The alleged common questions in this case are not uncontroverted merely because defendants filed a motion to dismiss which admitted the allegations of plaintiff's complaint.
Further, it is important to note that unlike McCabe, Gutansky, and Rodmaker, this case does not involve review of a trial judge's exercise of discretion in deciding whether to certify a class under section 2-801. Here, the appeal is from the grant of defendants' motion to dismiss under section 2-615 and this court can only review the allegations of plaintiff's complaint to determine whether she adequately pled the prerequisites of a class action. Defendants' argument that they do not dispute the validity or applicability of the statute is outside the four corners of the complaint and cannot be considered.
The present case is analogous to Steinberg, Saldana, Hayna, and St. Francis, in which the courts reviewed motions to dismiss class allegations. Although it is not clear to what extent a plaintiff must plead the prerequisites for a class action (4 R. Michael, Illinois Practice, § 30.2, at 71-72 (1989)), in each of those cases the courts examined the allegations of the complaints to determine whether they adequately alleged the prerequisites of a class action as listed in section 2-801.
Here, defendants only challenged plaintiff's complaint on the prerequisite that there was a common question of law or fact which predominated over questions affecting individual members of the class. A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the *153 same or similar misconduct. (Miner v. Gillette Co. (1981), 87 Ill.2d 7, 56 Ill.Dec. 886, 428 N.E.2d 478; Steinberg, 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634.) A class action need not be predicated on a single transaction but may be predicated on a long series of transactions based on similar acts or documents. (Spirek v. State Farm Mutual Automobile Insurance Co. (1978), 65 Ill.App.3d 440, 21 Ill.Dec. 817, 382 N.E.2d 111.) Also, successful adjudication of plaintiff's claim will establish the other class members' right to recover. (St. Francis, 98 Ill.App.3d 16, 53 Ill.Dec. 646, 424 N.E.2d 59.) Further, the fact that the class members' recovery may be in varying amounts which must be determined separately does not necessarily mean that there is no predominate common question. St. Francis, 98 Ill.App.3d 16, 53 Ill.Dec. 646, 424 N.E.2d 59.
In this case, plaintiff alleged that the common questions were whether defendants were required to pay their tenants interest on the security deposits and whether defendants as a matter of consistent business practice violated State and city laws when they willfully failed to pay the interest. The claims of the class members are based on the common application of the State and city laws requiring landlords to pay their tenants interest on their security deposits. Although the class members signed separate leases at separate times, they were allegedly harmed in the same manner in a series of similar transactions based on similar documents. Further, plaintiff alleged that defendants failed to pay interest to any of their tenants. If plaintiff proves that allegation, it will establish the other class members' right to recover. Lastly, although each class member may be entitled to a different amount of interest which would be determined separately, that fact does not defeat the common question. The trial judge believed that there was no predominate question because he would have to determine whether each tenant in the class was in default under the lease. However, plaintiff only sought to represent tenants who were not in default on their leases. Plaintiff's complaint sufficiently alleged a predominate common question and as a result, defendants' motion to dismiss should have been denied.
Reversed and remanded for proceedings consistent with this opinion.
McNULTY, P.J., and MURRAY, J., concur.