BELT RAILWAY COMPANY OF CHICAGO, Plaintiff-Appellant, v. THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—0429

Opinion filed May 27, 1987.—Modified on denial òf rehearing August 5, 1987.

Kevin M. Forde, Ltd., and Dillon & Nash, both of Chicago (Kevin M. Forde, Katrina Veerhausen, and David C. Dillon, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Susan Condon, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Belt Railway, alleging that several parcels of its real estate in Chicago had been assessed and taxed more than once each year, filed a complaint against the defendant county officials for refund of taxes paid to the county. That complaint was dismissed by the circuit court of Cook County; plaintiff appeals.

Plaintiff's claim is based on two statutory provisions. The railroad property section of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, pars. 560 through 571) divides real estate owned by railroads into two categories for tax purposes: "operating property," which includes all tracks, right-of-ways, station grounds, and contiguous land held for expansion or development; and "non-carrier real estate," which consists of land not used for the above purposes. (Ill. Rev. Stat. 1985, ch. 120, sec. 560.) The Department of Revenue assesses the value of operating property; the Department submits a list of noncarrier real estate to the counties to be assessed and taxed by them. Railroad-owned land should thus be assessed either by the State as operating property or by the county of its location as noncarrier real estate; in the instant case, plaintiff claims that it paid both taxes on the same land.

Accordingly, plaintiff cites a second statute in support of its claim for a refund:

> "If any real property shall be twice assessed for the same year, or assessed before it becomes taxable, and the taxes so erroneously assessed shall have been paid either at sale or otherwise, or have been overpaid by the same claimant or by different claimants, the County Collector, upon being satisfied of the facts in the case shall refund such taxes to the proper claimant ***." (Ill. Rev. Stat. 1985, ch. 120, par. 767.)

Plaintiff claims that the county had no authority to assess local taxes against the land and that the statute requires the defendant county officials to refund those taxes.

■ The undisputed facts in this case lead us to the opposite conclusion. Plaintiff concedes that the Department of Revenue classified the land in question as noncarrier in 1946. According to the Revenue Act, this classification shifted taxing authority from the State to the county. We therefore think it clear that if double taxation did occur, the unauthorized assessment was that of the State, not the county. Since plaintiff's complaint alleged only that the county tax was unauthorized, and did not seek recovery of sums paid to the State, the trial court properly ruled that the complaint failed to state a cause of action against the county officials.

■ Plaintiff seeks to buttress its assertion that the noncarrier assessment was in error with proof of the "operating property" nature of the land. It thus asks the courts to review the Department of Revenue's 1946 classification. The trial court's refusal to do so was proper. The classification was an administrative decision that must be contested via the provisions of the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—101); courts will not review such decisions when a taxpayer has failed to pursue the administrative remedy available (*People ex rel. Brenza v. Chicago & Northwestern Ry. Co.* (1951), 411 Ill. 85, 103 N.E.2d 85). Plaintiff has not sought the appropriate statutory method of review and is therefore foreclosed from contesting the propriety of the 1946 classification of its land as noncarrier, locally taxable real estate. Anticipating this result, plaintiff has cast its complaint as a request for review of the county's "decision" to tax, and not of the Department's classification. Plaintiff contends that the Administrative Review Act, which refers only to rulings by State bodies, is not applicable here. Since the county officials merely followed the State's determination in assessing local taxes and made no independent decision concerning the classification of the land, we are unpersuaded by plaintiff's approach.

■ We do find merit in another aspect of plaintiff's complaint, however. Count 13 of the complaint alleges that the county assigned two different identification numbers to the same parcel of land and taxed that parcel twice. For purposes of judging the legal sufficiency of the complaint, this allegation must be taken as true. (*Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.) We believe that this fact situation would entitle plaintiff to recovery under the double taxation provision cited. The trial court failed to address this contention in dismissing the complaint; that failure was error.

For the foregoing reasons, we affirm that part of the trial court's order which dismisses plaintiff's claim of unauthorized county assessment. We reverse that part of the order which dismisses plaintiff's claim of double county assessment, and remand that cause to the trial court for further proceedings.

Affirmed in part, reversed in part and remanded.

RIZZI and FREEMAN, JJ., concur.