GERY R. GASICK *et al.*, Indiv. and on Behalf of all Others Similarly Situated, Plaintiffs-Appellants, v. EDWARD T. O'CONNOR, Treasurer and *ex officio* Collector of Taxes for Peoria County, *et al.*, Defendants-Appellees.

Third District   No. 3—89—0508

Opinion filed August 29, 1990.—Rehearing denied September 26, 1990.

John P. Nicoara, of Nicoara & Steagall, of Peoria (Richard L. Steagall, of counsel), for appellants.

·Kevin W. Lyons, State's Attorney, and Kavanagh, Scully, Sudow, White & Frederick, P.C., both of Peoria (Donald J. Toohill, Assistant State's Attorney, and Phillip B. Lenzini, of counsel), for appellees Edward T. O'Connor, Mary E. Harkrader, and County of Peoria.

Phillip B. Lenzini, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellee Board of Trustees of Dunlap Public Library District.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs in this case, Gery R. Gasick and Bruce L. Alkire, individually and on behalf of all others similarly situated, appeal from orders of the circuit court denying their request for class certification, dismissing their second amended complaint, and denying their motion to amend their second amended complaint. The defendants in this action are Edward T. O'Connor, the treasurer and *ex officio* collector of taxes for Peoria County; Mary E. Harkrader, the county clerk of Peoria County; and the Board of Trustees of the Dunlap Public Library District (Board). We affirm.

The facts noted here are as alleged in the second amended complaint.

On July 21, 1986, the Board passed Ordinance 86—8, which purported to annex a certain area of real estate to the Dunlap Public Library District (library district) pursuant to State law (Ill. Rev. Stat. 1985, ch. 81, par. 1002—8(2)). By the terms of that ordinance, it was to take effect after the filing of a certified copy of the ordinance with the county clerk and the recorder of deeds of Peoria County. Notice of the annexation was published on July 24, 1986, in accordance with State law (Ill. Rev. Stat. 1985, ch. 81, par. 1002—8(2)). According to that statute, a 30-day period from the date of publication existed for voters to petition for a referendum on the annexation. No petition was filed in that period. The statute states, "[i]f no petition is filed with the library district within 30 days after publication or posting of the ordinance, the annexation shall take effect." Ill. Rev. Stat. 1985, ch. 81, par. 1002—8(2).

On August 18, 1986, the Board passed Ordinance 86—9, which levied and assessed the municipal tax for the library district for the fiscal year beginning July 1, 1986. On August 20, 1986, the annexation ordinance and the levy ordinance were filed by the library district with the county clerk of Peoria County. On August 27, 1986, the annexation ordinance was filed with the recorder of deeds of Peoria County.

Plaintiffs here own property in the area sought to be annexed by the library district under Ordinance 86—8. Their 1986 real estate taxes, payable in 1987, included taxes for the library district. When plaintiff Gasick paid his 1986 real estate taxes, he did so under protest on the grounds that the library district tax should not have been extended to his property. Plaintiff Alkire and all the other property owners paid their 1986 real estate taxes without protest. The plaintiffs seek to act as representatives of the class consisting of all the property owners in the affected area.

On September 15, 1987, plaintiff Gasick filed a tax objection for himself and all others similarly situated, seeking a refund of the taxes paid by the property owners in the area sought to be annexed by the library district. On March 22, 1989, the circuit court by written order granted plaintiff Gasick's tax objection, finding the tax of the library district to be "erroneous but not unauthorized." That order also denied class certification and all other relief sought.

On April 20, 1989, plaintiff Gasick moved for leave to file an amended complaint, which the circuit court eventually permitted to be filed, and which was filed on April 28, 1989. On May 11, 1989, plain-

tiff Gasick moved for leave to file a second amended complaint, and plaintiff Alkire moved to be joined as an additional party plaintiff. The circuit court granted both motions on May 17, 1989. The second amended complaint sought to state a cause of action under 42 U.S.C. section 1983 (1988) for deprivation of substantive due process rights under the fourteenth amendment of the United States Constitution.

In June 1989 the defendants moved to dismiss the second amended complaint under both section 2—615 and section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619). On June 22, 1989, the plaintiffs sought leave to amend their second amended complaint to add further counts under 42 U.S.C. section 1983 (1988) claiming deprivation of their equal protection rights under the United States Constitution. On July 27, 1989, the circuit court granted the defendants' motions and dismissed this case with prejudice. The circuit court also denied the plaintiffs' motion for leave to amend the second amended complaint. The plaintiffs timely filed their notice of appeal on August 2, 1989.

The plaintiffs raise multiple issues on appeal, but they are phrased as general questions of law rather than as specific points of error. Rather than try to answer these general questions, we shall simply present our analysis of why the circuit court did not err in dismissing this case. In doing so we shall assume, without deciding the point, that the annexation was not effective until after the tax levy by the library district and that the tax for the library district should not have been extended against or collected from the property owners in the area at issue.

■■ ■ From the standpoint of State law, the property owners who paid their taxes without filing protests cannot now seek refunds of the taxes they paid that went to the library district (see *Walser v. Board of Education of School District No. 1* (1895), 160 Ill. 272, 43 N.E. 346). Seeking an injunction to order refund of the taxes is a transparent attempt to do an end run around the tax protest and objection procedures that have long applied in this State, and the circuit court did not err in denying such relief. Had any of the affected property owners gone to court seeking an injunction against the extension or the collection of the tax, prior to those events, such a remedy would probably have been available (see *Ames v. Schlaeger* (1944), 386 Ill. 160, 53 N.E.2d 937). However, this lawsuit was not filed until after the second installment of 1986 taxes was due on September 1, 1987. At no point was a temporary restraining order or preliminary injunction sought. The mere filing of this lawsuit did not require the taxing officials or the library district to go about its official tasks any

differently, or require it to segregate funds derived from the challenged tax. By the time of the first dispositive order in this case in March 1989, the disputed taxes had probably been spent by the library district. In short, all of the property owners in the area at issue by delay or inaction have foregone whatever equitable relief they might have obtained, and all but plaintiff Gasick have foregone whatever legal relief they might have obtained had they paid their 1986 real estate taxes under protest.

■ From the standpoint of Federal law, the plaintiffs claim a deprivation of their substantive due process rights under the United States Constitution. The plaintiffs allege that the defendants intentionally deprived the plaintiffs of "the use" of their property "without substantive due process of law," and also that the plaintiffs suffered the "taking of their property." In our view, the plaintiffs have not been deprived of property or the use of their property, nor has their property been taken. They and the other property owners all voluntarily paid the taxes at issue here, despite the availability of information that put into question the power of the library district to tax them, and despite the availability of equitable relief to prevent the extension and collection of the tax. By paying his taxes under protest, plaintiff Gasick began the process of availing himself of State statutory remedies allowing for refunds of taxes, which resulted in his obtaining a refund of all of his 1986 real estate taxes that went to the library district. Under these facts, the plaintiffs cannot make out a claim for deprivation of their Federal due process or equal protection rights or those of the other property owners.

If we were to assume that the property owners were deprived of property, we still believe that they had due process of law to prevent or to remedy that deprivation. Procedural due process is the more relevant inquiry than substantive due process, in our view. The United States Supreme Court in *Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 67 L. Ed. 2d 464, 101 S. Ct. 1221, found the Illinois real estate tax system to afford a "plain, speedy and efficient remedy" for deprivations claimed by taxpayers as a result of the administration of that tax system. While that case did not face the exact facts of the instant case, it aids our determination that the property owners here were not deprived of their Federal due process or equal protection rights.

While it may seem that the library district unfairly gained the taxes paid by the property owners here, in fact the library district only obtained the amount of its levy. The only persons who benefited from the taxes paid for the library district by the property owners in

the area sought to be annexed were the property owners in the area already part of the library district.

Accordingly, we affirm the order of the circuit court.

Affirmed.

BARRY and SCOTT, JJ., concur.