603 N.E.2d 681 (1992)
236 Ill. App.3d 165
177 Ill.Dec. 611
In re Application of Edward J. ROSEWELL, as County Treasurer and Ex-Officio County Collector of Cook County, Illinois, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Non-Payment of General Taxes for the Year 1979 and for Judgment Fixing the Correct Amount of any Tax Paid Under Protest for the Year 1979 (R.D. Werner Company, individually and on behalf of a class of objectors similarly situated, Objector-Appellant,
v.
Edward J. Rosewell, Treasurer and Ex-Officio County Collector of Cook County, Applicant-Appellee, (Leyden Fire Protection District, Respondent-Appellee)).
No. 1-89-2480.
Appellate Court of Illinois, First District, Second Division.
September 29, 1992.
*682 Kevin M. Forde, Ltd., Chicago (Kevin M. Forde and Katrina Veerhusen, of counsel), for appellant.
State's Attorney's Office of Cook County (Jack O'Malley, Joan S. Cherry and Mark R. Davis, of counsel), for appellee.
Corporation Counsel's Office of the City of Chicago (Kelly R. Walsh, Ruth M. Moscovitch and L. Anita Richardson, of counsel), amicus curiae for appellee.
Justice McCORMICK delivered the opinion of the court:
In this case, we review the trial court's decision denying certification of a class in a tax objection case. The objector's claims relate to taxes levied by a fire protection district on property not located within that district. The trial court held that taxpayers who paid their taxes under protest and whose objection to the Collector's application for judgment was filed by a class representative were not sufficiently numerous for their objection to proceed as a class action. The trial court also held that taxpayers who did not pay under protest waived their right to a tax refund and were not certifiable as a class.
We are specifically called upon to decide whether a class action is permissible in a tax objection case, and if so, whether the facts and circumstances of this case fall within the statutory requirements.
It is our view that the trial court correctly decided the issues in this case. A class action is permissible in a tax objection case provided that the members of the class pay their taxes under protest and a representative of the class appears and objects to the Collector's application for judgment.
The Leyden Fire Protection District (the District) is a taxing body organized in 1949 pursuant to statutory laws to provide fire protection services within prescribed boundaries. In 1965 the legislature amended the "Act in Relation to Fire Protection Districts" to provide for the automatic disconnection from a fire protection district of property annexed to a municipality providing fire protection service. (Ill.Rev.Stat. 1965, ch. 127½, par. 45.4.) Certain properties included within the original boundaries of the District have been annexed to various municipalities that provide fire protection service. These properties were subject to the automatic disconnection provisions of the Act. The Cook County clerk continued to extend the District's tax levy against all of the property within its original boundaries, including the disconnected properties.
Edward J. Rosewell, treasurer and ex officio county collector of Cook County, filed an application for judgment and order of sale for delinquent taxes for the tax year 1979. R.D. Werner Company filed an objection on its own behalf and on behalf of all other property owners who the District continued to tax after their properties were disconnected from the District. The trial court sustained Werner's objection as to four parcels owned by Werner, but denied Werner's motion for class certification. Werner appeals the denial of relief to the members of its putative class. The District does not challenge the applicability of the automatic disconnection provisions to the properties involved in this action. The City of Chicago filed an amicus curiae brief in *683 support of the position taken by the Collector.
There are three categories of taxpayers that concern us: (1) Werner, a taxpayer who paid taxes to the District under protest and individually appeared and filed an objection to the Collector's application for judgment; (2) taxpayers who paid taxes under protest on property disconnected from the District; and (3) taxpayers who paid taxes without protest on property disconnected from the District.
Werner contends that all of these taxpayers are entitled to a refund of the disputed taxes as members of the class Werner represents.
The Collector contends that (1) the Revenue Act of 1939 (Ill.Rev.Stat.1979, ch. 120, par. 482 et seq.), specifies the only means in which taxpayers can obtain relief from excessive or illegal taxes; (2) a class action is an equitable remedy which is not available where the taxpayers' legal remedy is adequate; and (3) to allow a class action in an objection to a tax assessment is against public policy.
Specifically looking at the Revenue Act and the Civil Practice Act (Ill.Rev.Stat. 1979, ch. 110, pars. 57.2-57.7), we find no language directly indicating whether taxpayers seeking refunds can form a class. Without citation to authority, the Collector argues that because the Revenue Act contains no provisions for class action, taxpayers cannot bring such an action. We disagree. Since the Revenue Act does not expressly exempt tax objection proceedings from class actions, we will not read into the statute such an exemption. "Where the Revenue Act is silent, * * * the Civil Practice Act and rules of court apply." People ex rel. Southfield Apartment Co. v. Jarecki (1951), 408 Ill. 266, 274, 96 N.E.2d 569.
The Collector's "adequate legal remedy" argument is based on the view that class actions are creatures of equity law and are not available if an adequate legal remedy exists. This argument ignores the fact that class actions are now creatures of statutory law. (Ill.Rev.Stat.1979, ch. 110, par. 57.2, now Ill.Rev.Stat.1991, ch. 110, par. 2-801.) "A class action may now be brought in any court and is not limited to actions in equity." Gutansky v. Advance Mortgage Corp. (1981), 102 Ill.App.3d 496, 499, 58 Ill.Dec. 180, 430 N.E.2d 122.
We now turn to the argument that a class action in tax objection cases is against public policy. The Collector claims that allowing class actions in tax cases would create a fiscal debacle causing taxing bodies to become bankrupt.
A class action suit merely eases the difficulty of asserting and perfecting legitimate claims. Taxpayers who have legitimate claims should have the total resources of our legal system available to them. Where there is a need to limit recourse to these resources, the legislature should act. It does not follow that taxing bodies will become bankrupt if class actions are allowed in objection to tax assessments. The Collector fails to state a reason or cite authority that supports its dire prediction. This court cannot engage in public policy considerations unless there is an issue not addressed by the common law or falling within a statutory gap, or when applying constitutional precepts to changing and novel circumstances. No such issue exist in the case at bar. Our legal system is resilient and is replete with checks and balances: frivolous claims are discouraged and subject to sanctions; the legislature has specified the elements necessary for class certification; the exercise of sound judicial discretion minimizes absurd and harmful results. Subject to the limitations that we will discuss later, class actions are permitted in tax objection cases.
Werner maintains that the putative class members are not required to make payment under protest to preserve their objections because the property was "not subject to taxation" by the District. The Revenue Act of 1939 outlines procedures to be followed if a taxpayer wishes to dispute the amount of real estate taxes paid to a taxing body and seek a refund. These procedures are contained in Section 194 of the Act. (Ill.Rev.Stat.1979, ch. 120, par. 675.) The requirements are essentially (1) the tax must be paid in full and under *684 protest; and (2) the taxpayer must appear and file an objection in the circuit court at the time the Collector makes application for a judgment. Prior to a 1986 amendment, section 194 of the Revenue Act excluded certain property from the requirement to pay under protest and file an objection in order to perfect the right to a refund:
"If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall pay * * *." Ill.Rev.Stat.1979, ch. 120, par. 675.
This court construed the language "real estate * * * not subject to taxation" in Illinois Institute of Technology v. Rosewell (1985), 137 Ill.App.3d 222, 92 Ill.Dec. 106, 484 N.E.2d 837. There, we recognized that a plaintiff could elect not to proceed under sections 194 and 235 of the Revenue Code (Ill.Rev.Stat.1989, ch. 120, pars. 675, 716), and pursue equitable remedies for the refund of excessive taxes illegally collected on exempt property. Quoting the "not subject to taxation" language, we stated that when a tax is levied on exempt property, the taxpayer need not pay under protest and file an objection before seeking equitable relief. Where the property is exempt from taxation, the taxpayer is not barred from a refund by the voluntary payment doctrine. As our supreme court has stated:
"the owner of land which is not subject to any taxation at all is not required to pay under protest in order to object to a tax." People ex rel. Fisher v. Baltimore & Ohio R.R. Co. (1945), 390 Ill. 389, 392-93, 61 N.E.2d 382, 384.
Werner relies on the Fisher case to argue that property outside of the geographic boundary of a taxing district is subject to a proper objection without payment under protest. The objector in the Fisher case successfully obtained a judgment voiding an assessment without prior payment and protest. In that case, our supreme court held that a drainage district created by a voluntary association lacked jurisdiction to tax a railroad who was not a signatory to the agreement forming the association. Thus, the railroad was not subject to any drainage tax at all.
Werner and all taxpayers it seeks to represent, on the other hand, are liable for taxes to pay for their fire protection. They have paid such taxes to the municipalities which annexed their properties as well as the District. Fisher is not a case of double taxation by two legitimate taxing authorities. Fisher is not a case where the taxing body could extend its levy to the property or the tax is unquestionably owed to some authority. (See, e.g., Belt R. Co. v. Hynes (1987), 157 Ill.App.3d 697, 110 Ill.Dec. 482, 511 N.E.2d 659.) Similarly, Werner's citation to People ex rel. Hargrave v. Phillips (1946), 394 Ill. 119, 67 N.E.2d 281, is unpersuasive. Phillips is a double taxation case where a single taxing authority collected a tax on the land and a tax on the unaccrued gas and oil rents from the same land. The court held that the unaccrued rents could not be separately taxed because they were part of the land. Compliance with sections 194 and 235 was not required because the unaccrued rents were not subject to any tax at all.
In a prior appeal of a separate case arising from the same objection to the tax and year of issue in this case, R.D. Werner Co. v. Leyden Fire Protection District (1980), 91 Ill.App.3d 587, 47 Ill.Dec. 53, 414 N.E.2d 1169, we determined that the District and the Collector had the power to impose and collect fire protection taxes, but improperly extended them to the disconnected property. The disconnection of the property from the District did not remove the power to impose and collect fire protection taxes. The taxpayer's property did not fall into the category of "real estate not subject to taxation" within the meaning of section 194 of the Revenue Act. (Ill.Rev.Stat. 1979, ch. 120, par. 675.) Therefore, the taxpayers are not excused from the statute's requirements that they pay under protest and file objections in order to perfect their rights to a refund or their rights to object to the Collector's application for judgment.
Werner argues, alternatively, that all members of the putative class effectively protested the tax in accord with a court *685 order entered in the prior case arising from the same objection. In the prior case, Werner sought to enjoin the Collector from collecting real estate taxes on the disconnected property. On June 20, 1980, the trial court issued a modified final order as part of an injunction it had previously issued. The modified order permitted the Collector to collect the taxes and deemed the taxes so paid as having been paid under protest. (Werner, 91 Ill.App.3d at 591, 47 Ill.Dec. at 57, 414 N.E.2d at 1172.) The modified order stating that payment would be construed as payment under protest was in effect at the time some of the 1979 real estate taxes were paid without protest to the Collector.
In the prior appeal, we held that the "action was not a proper one for injunctive relief," (Werner, 91 Ill.App.3d at 594, 47 Ill.Dec. at 59, 414 N.E.2d at 1174), and therefore, the trial court did not have jurisdiction in equity. (Werner, 91 Ill.App.3d at 591, 47 Ill.Dec. at 57, 414 N.E.2d at 1172.) Accordingly, we reversed the trial court's orders. In effect, we found that the trial court did not have jurisdiction to grant the relief provided by its order. Werner, 91 Ill.App.3d at 594, 47 Ill.Dec. at 59, 414 N.E.2d at 1174.
"Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void." (Thayer v. Village of Downers Grove (1938), 369 Ill. 334, 339, 16 N.E.2d 717.)
Therefore, the trial court's modified final order granting injunctive relief was void and of no legal effect when it was entered. In this case, as in Thayer, the fact that the court issuing the order had jurisdiction over the subject matter and the parties does not save the order from being void. (See Thayer, 369 Ill. 334, 16 N.E.2d 717.) As we noted in the prior appeal," even though the result may appear somewhat harsh, the taxpayer may lose his right to a tax refund by failing to comply with the statutory provisions. Injunctive relief, available in the limited circumstances discussed, is therefore pursued at the taxpayer's risk." Werner, 91 Ill.App.3d at 594, 47 Ill.Dec. at 59, 414 N.E.2d at 1174.
Since the grant of equitable relief was beyond the jurisdiction of the trial court, the order was void and the provision that payment of the tax would be deemed payment under protest is of no legal effect. The taxpayers who failed to pay under protest as prescribed by the Revenue Act cannot rely on the void order to establish payment under protest.
As its last argument on the question of compliance with the statutory requirements, Werner argues that the taxpayers sufficiently complied with the statute when they paid taxes and a class representative protested and filed an objection. Werner argues that in other contexts, class actions are permitted where only the representative member of the class is in compliance with the statutory requirements.
The cases cited by Werner for the proposition that only the "class representative" needed to satisfy the requirements of the Revenue Act are all Federal cases. They have nothing to do with tax objections. These cases do not involve special statutory actions which limit the jurisdiction of the courts. They do not involve statutes that separately regulate procedure in any way comparable to sections 194 and 235 of the Revenue Act. See, e.g., Albemarle Paper Co. v. Moody (1975), 422 U.S. 405, 414, 95 S.Ct. 2362, 2369, 45 L.Ed.2d 280 (statute, interpreted in light of legislative history, allowed back pay to unnamed class members who filed no charges with EEOC).
The payment under protest requirement has been held to be a mandatory requirement of the statutory objection procedure. Any taxpayers who do not pay taxes under protest are prohibited from objecting to a tax assessment. (In re Application of Rosewell (1979), 78 Ill.App.3d 769, 33 Ill.Dec. 899, 397 N.E.2d 232.) The reason for the protest procedure is to allow for rational planning of revenue matters. The protest is deemed the best evidence that the taxes were not voluntarily paid, and that the payment is potentially refundable.
*686 In Gasick v. O'Connor (1990), 201 Ill. App.3d 1013, 147 Ill.Dec. 401, 559 N.E.2d 574, plaintiff filed a tax objection for himself and all others similarly situated, seeking a refund of the taxes paid on property in an area which a library district sought to annex by a library district. Gasick paid his taxes under protest on the grounds that the library district should not have been extended to his property. All other taxpayers paid their taxes without protest. The trial court denied class certification and this court affirmed. We held that those taxpayers who paid taxes without protest had no legal right to a refund of taxes. Gasick, 201 Ill.App.3d at 1016, 147 Ill.Dec. at 403, 559 N.E.2d at 576.
Taxpayers who have not paid under protest are not in compliance with the statutory provisions of the Revenue Act. The fact that a representative of their putative class has paid taxes under protest does not bestow compliance upon the class of taxpayers who have not paid under protest. Without the individual payment of taxes under protest, the taxpayer is unable to proceed with an objection in a tax assessment case individually or as a member of a class. Therefore, we hold that the trial court correctly found that taxpayers who failed to file protests in the manner prescribed in the Revenue Act cannot participate as class members in Werner's objection to the Collector's application for judgment with respect to the District's 1979 taxes.
Werner contends that the trial court abused its discretion by failing to certify the taxpayers who paid under protest as a class. The trial court found that the number of taxpayers in this category was between 35 and 40. Based on its findings, the trial court concluded that joinder was not impractical. This ruling is not an abuse of discretion.
Section 2-801 of the Code of Civil Procedure (Ill.Rev.Stat.1991, ch. 110, par. 2-801), provides in part:
"An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
(1) The class is so numerous that joinder of all members is impracticable."
The burden is on the party seeking to establish the class to show that the numerosity requirement is met. (DeMarco v. Edens (2nd Cir.1968), 390 F.2d 836, 845.) There are relatively few Illinois cases involving the numerosity requirement, but Illinois courts construing the statute may follow Federal practice under Rule 23(a)(1) (F.R.C.P. 23(a)(1)), due to the similarity in language. (See Forde, State Practice: Illinois Class Action Statute, in Class Actions ch. 7, § 7.6 (Ill. Inst, for Cont. Legal Educ. (1986).) In general, the question of numerosity depends on the particular facts of each case and no arbitrary rules regarding the size of class have been established by the courts. Tenants Associated for a Better Spaulding (TABS) v. United States Department of Housing & Urban Development (HUD) (N.D.Ill.1983), 97 F.R.D. 726, 729.
In reliance upon Garcia v. Gloor (5th Cir.1980), 618 F.2d 264, and Dolgow v. Anderson (E.D.N.Y.1968), 43 F.R.D. 472, the trial court considered (1) the location of the putative class members in a compact geographic area, (2) the ready ascertainability of their names, and (3) the ability of the individuals to bring their own claims. In the case before us, the trial court concluded that joinder of the potential members of the class was practical because of the inherent ease of identifying the affected taxpayers, the compactness of the geographical location and the large dollar amount of the claims. The record does not reflect with any degree of precision the dollar amounts of the 35 to 40 claims. Admittedly, the amounts of the respective claims have some bearing on the availability of legal counsel willing to pursue them. Assume for the purpose of our analysis that these claims are relatively small and inconsequential. This factor alone is not of such magnitude that it negates the court's discretion and requires the certification of the class. The amounts of the claims are but one factor among many that the trial court must weigh. There is no preordained conclusion that the court must reach. Absent *687 any statutory or case law requiring a certain result, the court is to exercise its discretion. Our search is not to determine whether we agree or disagree with the trial court. We find no law that compels a decision contrary to that made by the trial court. The trial court was well within the proper exercise of its discretion in finding that the potential class of taxpayers was not so numerous that joinder of all its members was impractical.
In summary, we hold that class actions are permitted in tax objection cases, that the respective members of the class must have paid the disputed taxes under protest, that the members of the class or a class representative must appear in the Collector's application for judgment and file an objection, and that the trial court properly exercised its discretion by finding that the taxpayers who paid under protest were not sufficiently numerous for their objections to proceed as a class action.
Werner raised a number of other contentions in this appeal: that there are questions of fact or law common to the class which predominate over questions affecting only individual members; that the representative party will fairly and adequately represent the interest of the class; and that the class action is an appropriate method for the fair and efficient adjudication of the controversy. Since the trial court did not directly address these contentions and the trial court correctly denied class certification, we deem it proper to exclude consideration of these contentions in this appeal.
Therefore, the judgment of the circuit court is affirmed.
Affirmed.
SCARIANO and DiVITO, JJ., concur.