KHALDOUN FAKHOURY, Plaintiff-Appellee, v. MARIA PAPPAS, Treasurer and *ex officio* County Collector of Cook County, Defendant-Appellant.

First District (3rd Division)   No. 1—08—3183

Opinion filed September 30, 2009.

Richard A. Devine, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Tatia C. Gibbons, Randolph T. Kemmer, Marcia M. Organ, and Paul A. Castiglione, Assistant State's Attorneys, of counsel), for appellant.

Thomas J. Boyle, of Neal, Gerber & Eisenberg LLP, and Jay L. Statland, of Statland & Valley, both of Chicago, for appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

On November 24, 2008, defendant, Maria Pappas, treasurer and *ex officio* county collector of Cook County (Treasurer), filed a petition for leave to appeal with this court pursuant to Illinois Supreme Court Rule 306(a)(8) (210 Ill. 2d R. 306(a)(8)). The Treasurer sought to appeal the trial court's orders of October 24, 2008, and November 13, 2008, granting plaintiff's request for class certification in his class action complaint. Plaintiff alleged in his complaint that the Treasurer improperly calculated the interest rate on property tax refunds under section 23—20 of the Property Tax Code (Code) (35 ILCS 200/23—20 (West 2006)). On February 6, 2009, this court granted the Treasurer's petition.

The Treasurer contends that the trial court lacked subject matter jurisdiction over plaintiff's complaint and improperly disregarded the language of the Code barring class action lawsuits. Alternatively, the Treasurer argues that the trial court improperly found that plaintiff satisfied the elements necessary for class certification under the Illinois Code of Civil Procedure. 735 ILCS 5/2—801 (West 2006). The Treasurer also contends that the orders in question created concerns of multiple representations in violation of the Illinois Rules of Professional Conduct. Finally, the Treasurer argues that plaintiff's requested relief is unworkable and that plaintiff's request for attorney fees is legally baseless. These issues have not been considered by the trial court and are not properly before this court in this appeal and we will not review these issues. With respect to the other issues, for the following reasons, we affirm the orders of the trial court granting plaintiff's motion for class certification and remand the matter for further proceedings.

## I. BACKGROUND

On April 29, 2005, plaintiff filed a property valuation objection complaint in the circuit court of Cook County pursuant to section 23—5 of the Code. 35 ILCS 200/23—5 (West 2006). Plaintiff objected to the valuation and assessment of his property for the 2003 tax year. Plaintiff properly paid his taxes under protest and filed his complaint. On May 18, 2006, the trial court entered an agreed judgment order,

granting plaintiff a tax refund and ordering the Treasurer to issue plaintiff payment of the overpaid tax refund and statutory interest.

Pursuant to that order, the Treasurer issued a check to plaintiff on June 7, 2006, purportedly for plaintiff's full tax refund and statutory interest. Upon receipt, plaintiff calculated the interest paid and believed the Treasurer miscalculated the interest due under section 23—20 of the Code. The Code was amended, effective January 1, 2006, to change the interest rate on tax refunds from a flat 5% rate to a rate based on the consumer price index (CPI). Plaintiff maintained that the new interest rate based on the CPI could not be used until the effective date of the amendment and the interest he was due was to be calculated at a rate of 5% for the time period prior to December 31, 2005. On June 14, 2006, plaintiff's counsel sent a letter to the Treasurer on behalf of plaintiff requesting the Treasurer recalculate the interest and reissue a check to plaintiff with the correct total. On June 20, 2006, a representative from the Treasurer's office sent an e-mail message to plaintiff's counsel claiming that the interest had been computed properly and a new check would not be sent.

On November 13, 2006, plaintiff filed the class action complaint at issue here. Plaintiff asserted in the complaint that thousands of taxpayers were purported members of the class affected by the Treasurer's misapplication of the amended Code. Plaintiff sought a writ of *mandamus* directing the Treasurer to pay the taxpayers the proper rate of interest of 5% for the time period prior to December 31, 2005, under the Code and declaratory relief that the Treasurer may not retroactively apply the amended rate of interest. In addition, plaintiff asserted a claim sounding in unjust enrichment. Plaintiff moved for class certification and sought to be the representative of the class.

The Treasurer moved to dismiss the complaint. The trial court denied the motion to dismiss with respect to the claims for declaratory relief and *mandamus,* but struck the third count for unjust enrichment. In a December 5, 2007, memorandum order the trial court detailed its reasoning in finding that plaintiff had met the requirements for maintaining a class action under section 2—801 of our Code of Civil Procedure. 735 ILCS 5/2—801 (West 2006). Specifically, the court found: that the class of taxpayers entitled to a refund for payments prior to January 1, 2006, was potentially numerous; there was a common question to all potential class members; that plaintiff was a fair and proper class representative; and that a class action was a fair and efficient means of adjudicating the matter.

With respect to *mandamus,* the trial court found that plaintiff satisfied the requirements enunciated in section 14—101 of the Code

of Civil Procedure. 735 ILCS 5/14—101 (West 2006). First, the trial court found that plaintiff has a clear right to the payment of interest as it is mandated by statute. Second, the court found that the Treasurer has no discretion to deny payment and the authority to pay interest on the refund. For plaintiff's count for declaratory relief, the trial court examined the requirements laid out in section 2—701 of the Code of Civil Procedure (735 ILCS 5/2—701 (West 2006)) and found that plaintiff satisfied each. The court held that plaintiff had a legal, tangible interest to payment pursuant to section 23—20 of the Code, the Treasurer had an opposing interest, and there was an actual controversy concerning the amount of interest due taxpayers that would be resolved by a judgment of the court. The trial court subsequently denied the Treasurer's motion to reconsider.

Following the Treasurer's answer and briefing on plaintiff's motion for class certification, the trial court granted plaintiff's motion on October 24, 2008, defining the class as follows:

"All taxpayers who have paid real estate taxes prior to January 1, 2006 for real estate located in Cook County, Illinois; objected to their real estate assessment by either (i) filing a complaint in the Circuit Court of Cook County; or (ii) filing a Specific Objection in the Circuit Court of Cook County; obtained a tax refund pursuant to a final order of the State of Illinois Property Tax Appeal Board or the Circuit Court of Cook County after December 31, 2005; and the refund included interest paid on the principal refund at a rate below 5% per annum for the period between the date of payment of the real estate tax and December 31, 2005."

The trial court filed a memorandum opinion and order granting the motion on November 13, 2008. On November 24, 2008, the Treasurer timely submitted her petition for leave to appeal the orders of October 24, 2008, and November 13, 2008, pursuant to Rule 306(a)(8). 210 Ill. 2d R. 306(a)(8). On February 6, 2009, this court granted the petition. For the following reasons, we affirm the order of the trial court granting plaintiff's motion for class certification and remand the matter for further proceedings.

## II. ANALYSIS

### A. *General Motors Corp. v. Pappas*

We begin by noting that the underlying issue in this case, the proper interest rate on tax refund payments under section 23—20 of the Code, was recently decided by this court in *General Motors Corp. v. Pappas*, 393 Ill. App. 3d 60 (2009). For the relevant amendment to section 23—20, the legislative debate occurred in March 2005, the amendment was passed in August 2005, and it became effective on

January 1, 2006. See 94th Ill. Gen. Assem., House Proceedings, March 17, 2005; Pub. Act 94—558, eff. January 1, 2006 (amending 35 ILCS 200/23—20 (West 2006)). The amended section provided that from the date of payment of taxes or "from the date payment is due, whichever is later, to the date of refund shall also be paid to the taxpayer at the annual rate of the lesser of (i) 5% or (ii) the percentage increase in the Consumer Price Index For All Urban Consumers during the 12-month calendar year preceding the levy year for which the refund was made, as published by the federal Bureau of Labor Statistics." 35 ILCS 200/23—20 (West 2006).

We rejected the Treasurer's argument that the statute required payment at the lower interest rate for all refunds ordered after January 1, 2006. We found that by setting the effective date of the amendment in the future, the legislature intended the new interest rate provided by the amendment to apply prospectively only. *General Motors*, 393 Ill. App. 3d at 68-69. Accordingly, the taxpayer objectors were entitled to the payment of 5% interest on the refund for tax payments up to December 31, 2005, to the date the Treasurer tendered the refund while the payment of interest at the CPI-derived rate for tax payments made after January 1, 2006, was proper. *General Motors*, 393 Ill. App. 3d at 76-77. This holding supports plaintiff's reading of section 23—20 in the instant case.

Of additional importance to the instant matter, this court also affirmed the trial court's orders granting judgment interest while the matter was stayed upon appeal. *General Motors*, 393 Ill. App. 3d at 70-76. The significance of this portion of the opinion arises from the analysis based on the determination that the Treasurer made a full refund of overpaid taxes. The Treasurer argued that judgment interest was improper because the right to a refund and interest is purely of statutory origin. *Shapiro v. Barrett*, 68 Ill. App. 3d 656, 661 (1978). Therefore, she argued, remedies provided by the Code of Civil Procedure were improper.

We agreed with the Treasurer that real property tax refunds and interest are statutory creations. However, we noted that section 23—20 of the Code reads in part, "[i]nterest from the date of payment *** to the date of refund shall also be paid to the taxpayer." 35 ILCS 200/23—20 (West 2006). We also noted that section 23—15(c) provides that "[a]ppeals may be taken from final judgments as in other civil cases." 35 ILCS 200/23—15(c) (West 2006). Further, when the Code is silent, our Code of Civil Procedure and court rules govern tax objections. *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 479 (2008). The only language including appeals in the Code is in section 23—15(c), which allows for appeals of property tax objections as in any other civil action.

After refunding the overpaid taxes and electing to pay only the lower interest rate, the Treasurer sought a stay from the trial court seeking relief from the trial court's order. Once the Treasurer made payment of that refund, there was no longer a provision in the Code to govern interest. Because we determined that the Treasurer did not pay interest as required by statute, the remainder of the amount of interest not paid as of "the date of refund" could only be a money judgment. Accordingly, since the refund was made, the taxpayers' objection was over, and appeals as in other civil cases could be filed. Therefore, we affirmed the trial court's grant of judgment interest pursuant to section 2—1303 of the Code of Civil Procedure (735 ILCS 5/2—1303 (West 2006)). *General Motors*, 393 Ill. App. 3d at 76. The Treasurer maintains that regardless of the holding in *General Motors*, the trial court did not have jurisdiction over this matter and the class certification was improper.

### B. Property Tax Code and Subject Matter Jurisdiction

In her first argument, the Treasurer contends that plaintiff's class action complaint is barred by the plain language of the Code. As noted above, the obligation to pay taxes, the right to a refund or credit of taxes paid, and the right to interest on refunded taxes are purely creatures of statutory origin. See *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 371 (1939); *Shapiro*, 68 Ill. App. 3d at 661. Therefore, the Treasurer argues, since the Code bars the filing of a tax objection complaint as a class action, it follows that the Code also bars the filing of a class action to pursue unpaid money judgments resulting from underpayment of interest. As a result, she argues that the trial court did not possess subject matter jurisdiction to entertain plaintiff's complaint. We review the issues of statutory interpretation and jurisdiction *de novo. Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 235 (2005).

Pursuant to the Code, prior to seeking an appeal, a taxpayer must pay under protest all of the tax due within 60 days of the first penalty date (35 ILCS 200/23—5 (West 2006)) and all administrative remedies must be exhausted (35 ILCS 200/23—10 (West 2006)). Then, the taxpayer is afforded the statutory remedies of filing either an appeal of an assessment before the Illinois Property Tax Appeal Board (35 ILCS 200/16—160 (West 2006)) or a tax objection complaint in circuit court (35 ILCS 200/23—15 (West 2006)). For a tax objection complaint, joinder of plaintiffs is allowed in accordance with the Code of Civil Procedure, but class action complaints are specifically barred. 35 ILCS 200/23—15(a) (West 2006). Following a *de novo* review, if the court determines that the taxpayer has proven by clear and convincing

evidence that the tax, assessment or levy was in error and grants a refund of taxes paid, it also must order the payment of interest up until the time of refund pursuant to section 23—20 of the Code. 35 ILCS 200/23—15, 23—20 (West 2006). Section 23—15 provides a complete remedy for claims with respect to these property tax claims, except where the Code explicitly provides otherwise. 35 ILCS 200/23—15, 23—20 (West 2006).

The Treasurer argues that plaintiff seeks an interpretation of section 23—20 via causes of action that are not provided for in the Code. She maintains that, at best, the class action is a continuation of plaintiff's tax objection. Therefore, she asserts that plaintiff is subject to the prohibition of class actions in section 23—15. The Treasurer also asserts that plaintiff had an adequate remedy at law under the Code and therefore the equitable remedies sought are unavailable over the remedy provided by the statute. *Board of Education of Park Forest-Chicago Heights School District No. 163 v. Houlihan*, 382 Ill. App. 3d 604, 609 (2008). The Treasurer adds that this is especially so for tax cases as resort to the rules of civil procedure are applicable only when the Code is silent to a procedural matter. *Madison Two Associates v. Pappas*, 227 Ill. 2d. at 495; *In re Rosewell*, 236 Ill. App. 3d 165 (1992).

In support, the Treasurer notes that the *Rosewell* court allowed a tax objection to continue as a class action complaint because the Code at the time did not expressly regulate class actions. *Rosewell*, 236 Ill. App. 3d at 168-69. The Treasurer argues that this is instructive because subsequent to the decision, the legislature amended section 23—15 to include the prohibition on class actions. She notes that we must presume that the legislature acted with the knowledge of prevailing case law, and therefore, the amendment demonstrates a clear change in the law. *Burrell v. Southern Truss*, 176 Ill. 2d 171 (1997). The Treasurer concludes that section 23—15 now regulates class certification, strictly prohibiting certification in all tax objection cases, including the instant matter.

In further support, she argues that in *Board of Education* the plaintiffs filed a verified complaint for declaratory relief and for the issuance of a writ of prohibition and/or *mandamus* seeking reversal of prior decisions regarding the classification of properties for tax purposes based on allegedly fraudulent representations. *Board of Education*, 382 Ill. App. 3d at 606-07. The defendants moved to dismiss the complaint, arguing that the plaintiffs failed to pursue their adequate remedy at law by exhausting their administrative remedies under the Code and equitable relief was barred. *Board of Education*, 382 Ill. App. 3d at 607. The trial court granted the defendants' motion and this court affirmed, finding that a remedy in equity is not avail-

able if the statute provides an adequate remedy. While the court noted that case law allowed for the application of an equitable remedy where a statutory remedy is available in special circumstances, the failure of the plaintiffs to seek review under the Code did not constitute special circumstances. *Board of Education*, 382 Ill. App. 3d at 609-11; see also *People ex rel. Fahner v. American Telephone & Telegraph Co.*, 86 Ill. 2d 479 (1981); *Famous Permanent Wave Shops, Inc. v. Smith*, 302 Ill. App. 178, 186 (1939). The Treasurer concludes that plaintiff filed his tax objection case and the proper and adequate remedy to his claim is only through that course specifically enumerated by the Code.

On this issue, plaintiff succinctly responds that the trial court properly concluded that the instant case was not a tax objection, but a separate action regarding retroactivity and the proper application of the amended section 23—20 that followed the resolution of the objection procedure. Plaintiff notes that neither he nor the members of the class challenge the assessment or tax refunded and cites to the trial court's reasoned summation of the issue at hand:

> "As to the propriety of the class action, it is important to note that Respondent's valuation complaint has been disposed of, resulting in a final Agreed Judgment Order, entered May 18, 2006. Thus, the amount of tax refunds owed is not at issue. Rather, the present controversy concerns Petitioner's application of the statutory interest rate, as amended on January, 1, 2006, for interest payments on tax refunds for the time period prior to January 1, 2006."

Therefore, plaintiff asserts that this is not a tax objection subject to the class action prohibition of section 23—15 of the Code. Plaintiff highlights that the matter at controversy is only the Treasurer's failure to properly apply the Code, which she is duty bound to follow.

The Treasurer contends that allowing plaintiff's claims would allow an "end run" around the Code by claiming that no statutory remedy was available. However, it is the Treasurer herself who attempts to twist the provisions of the Code to shelter her actions from the possibility of equitable review. The Treasurer argues that under the Illinois Constitution and *Eitel*, only the legislature may raise revenue and the courts are limited by that which is provided by statute. Therefore, she argues that plaintiff's complaint is not only barred by the language of section 23—15 barring class action claims, but by the fact that plaintiff and the purported class members all had a remedy available by statute. Without exhaustion of those possible remedies, she claims that resort to the instant action was improper.

We agree with the trial court that plaintiff resolved his tax objection complaint under the Code and this was the exhaustion of his tax objection remedy. A plain reading of the language of section 23—15 is

that the section concerns the procedure for tax objections and hearings and not the issue before this court. Section 23—15 directs the taxpayer where the tax objection complaint is to be filed, provides where the tax objection is to be heard, that it is to be heard without a jury and under *de novo* review, and it also prohibits the filing of the tax objection complaint as a class action. 35 ILCS 200/23—15 (West 2006). Accordingly, the section controls the filing of tax objection complaints.

Plaintiff did not file his tax objection as a class action and the record does not indicate that any potential member of the class filed his or her objection as a class action. Each potential class member filed an individual tax objection and each case proceeded as a separate and independent cause of action. Pursuant to the definition of the class, all tax objection complaints have been resolved and the Treasurer has issued total refunds in those cases.

Under section 23—20 of the Code, interest is paid from the date of payment of the tax to the date of the refund at either 5% or the CPI-based rate. For each of the prospective members of the class, the Treasurer's payment at the CPI resulted in an underpayment of interest. As the Treasurer points out, interest is statutory only. At the date of the refund, the unpaid interest results in a fixed money judgment owed the taxpayer. No interest is provided for after the refund in the Code. As noted above, there also is no provision regarding postjudgment actions or postjudgment interest.

It can be safely stated that the legislature did not contemplate the scenario before the court when drafting the Code. There is another factor that is obvious—the money judgment due for many of these tax objections, the difference in interest between 5% and the CPI-based rate, is relatively small. For example, in this case where there was a $45,253 refund, the money judgment resulting from the unpaid interest would be less than $2,000. As in *Rosewell*, the Code is silent as to the relief possible in this scenario, including whether a separate class action may be filed for declaratory relief and the recovery of specific money judgments.

We also must reject the Treasurer's argument that the legislature intended to bar all class actions relating to tax objections based on the amendment of section 23—15 following the decision in *Rosewell*. In that case, the taxpayers' tax objections related to taxes levied by a fire protection district on property not located within the district. *Rosewell*, 236 Ill. App. 3d at 167. It was not a group of tax objectors seeking to file an objection against the county based on valuation. In fact, it is difficult to conceive of a class action based on a valuation of real estate that would meet the requirements for class certification. Each objec-

tion is based on separate and quite distinct real estate and, therefore, each valuation is unique. The legislation amending section 23—15 sought to bar the potential problems created by *Rosewell* and bars class action complaints for tax objections. Nevertheless, the fact remains that *Rosewell* involved the filing of a class action complaint concerning tax objections, not in any way like the case before this court, which involves a class action complaint concerning the interpretation of the Code and the Treasurer's uniform postjudgment actions in completed objection complaints.

Additionally, as we noted above, our finding in *General Motors* regarding judgment interest is of import here. In *General Motors*, we held that the Treasurer followed an incorrect interpretation of the Code. While the taxpayers filed postjudgment motions pursuant to section 2—1401 to enforce the Code's requirement of 5% interest for the payments at issue, that fact did not foreclose application of the judgment interest provisions of the Code of Civil Procedure during the pendency of the appeal. Likewise, the Code does not foreclose plaintiff's complaint for declaratory relief and a writ of *mandamus*.

Underlying the holding in *General Motors* was the acceptance of the Treasurer's argument that when she tendered payment of the refund, the tax objection complaint was final under the Code. Therefore, we concluded that the trial court properly granted judgment interest under the Code of Civil Procedure when the Treasurer appealed the matter and requested stay of payment. Likewise, in this case, the Treasurer tendered payment of tax refund with what she purported to be full statutory interest. Again, the Code is silent as to postjudgment proceedings outside of allowing appeals as in other civil matters and the Code of Civil Procedure offers possible adequate remedies. The taxpayers in *General Motors* moved to enforce the judgment pursuant to section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 2006). In the instant action, plaintiff chose to file the instant action pursuant to sections 2—701 and 14—101 of the Code of Civil Procedure. 735 ILCS 5/2—701, 14—101 (West 2006). With the Treasurer's refund payment, the tax objection had been properly litigated and resolved. Subsequently, plaintiff objected to the Treasurer's interpretation of the interest provision. The Code does not bar postjudgment actions in equity or class actions that do not involve the tax objection.

Finally, the trial court properly cited our supreme court for the proposition that a declaratory action is a statutory remedy that adds to existing remedies and is not precluded if another remedy may be effective. *Beahringer v. Page*, 204 Ill. 2d 363, 373-74 (2003). A motion pursuant to section 2—1401 may well have accomplished an adequate

remedy for plaintiff; however, relief pursuant to sections 2—701 and 14—101 is also available under the Code of Civil Procedure. Neither case law nor the Code forecloses the use of these remedies in this situation. Further, we add that, even assuming that the Code provided the adequate remedy via a section 2—1401 petition, the special circumstances of this situation would merit allowing an equitable remedy as allowed under *Famous Permanent Wave Shops, Inc.* Unlike an individual tax objection where specific properties, values, assessments, and taxes are at issue, here, each member of the class has the same identifiable issue—subsequent to the final order granting the tax objection, the Treasurer followed an incorrect reading of the Code and, as addressed below, the instant class action is an efficient, fair and effective means of resolving this issue.

### C. Class Certification

The Treasurer alternatively contends that plaintiff failed to meet the threshold requirement of asserting an actionable claim and that the trial court erred in finding that plaintiff met the criteria for a class action to support certification. The legal sufficiency of a claim is a question of law to be reviewed *de novo. Turnipseed v. Brown*, 391 Ill. App. 3d 88, 95 (2009). The trial court's decision regarding the elements for class certification is reviewed under an abuse of discretion standard. *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125-26 (2005). We consider each issue in turn.

### 1. Legal Sufficiency of Plaintiff's Complaint

The Treasurer notes that it is axiomatic that a class cannot be certified where no viable claim lies. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 72 (2007). In determining the sufficiency of a party's pleadings, we must draw all reasonable inferences in favor of the plaintiff. The plaintiff need not prove his case at this stage, but merely a set of facts that would allow for recovery. *Turnipseed*, 391 Ill. App. 3d at 95. The Treasurer contends that plaintiff cannot plead a cause of action that would allow for recovery because case law provides that a party may not be granted declaratory relief or *mandamus* in tax objection cases. Additionally, she argues that the collateral attack doctrine bars this attack on separate final judgment orders and the matter is barred under *res judicata.*

First, for the doctrine of *res judicata* to apply, "[t]here must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 470 (2008). As noted above, the instant cause of action is not the tax objection case that resulted in the final agreed judgment order. Plaintiff properly

argues that the issue of the retroactivity of the amendment to section 23—20 was not a part of the final judgment and he, and the other class members, did not anticipate this issue or argue it before the trial court. Accordingly, the claims for declaratory relief and a writ of *mandamus* were not litigated in the tax objection cases and *res judicata* does not bar the instant matter.

Next, the Treasurer claims that the approach plaintiff has taken is an impermissible collateral attack on the original judgment. *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 961 (1992). Under the collateral attack doctrine, a final judgment rendered by a court of competent jurisdiction may only be challenged through direct appeal or procedure allowed by statute and remains binding on the parties until it is reversed through such a proceeding. *Board of Trustees*, 262 Ill. App. 3d at 961-62, citing *Malone v. Cosentino*, 99 Ill. 2d 29, 32-33 (1983). In *Board of Trustees*, the court found that the doctrine may be invoked whenever the effect of an action is to modify the former adjudication.

The plaintiffs in *Board of Trustees* were a class of taxing districts seeking to enjoin the treasurer from distributing interest earnings from investments. The investments were made utilizing tax collections from tax objection proceedings pursuant to final judgments in those cases. The plaintiffs were not parties to the tax objection proceedings underlying the class action, though they did attempt, and failed, to intervene and collaterally attack the underlying matters. The court held that plaintiffs were not allowed to expand their collateral attack as a class. *Board of Trustees*, 262 Ill. App. 3d at 962.

The Treasurer maintains that *Board of Trustees* bars plaintiff from collaterally attacking a matter that he could challenge in his original case. However, as argued by plaintiff, he does not challenge the judgment order. As argued above, plaintiff could not anticipate the Treasurer's interpretation of the Code and unwillingness to reconsider. This action involves the interpretation of the Code and an announcement as to the correct rate of interest pursuant to the statute. Unlike *Board of Trustees*, this is not a challenge to a finding in a collateral matter. There is no attack on the final judgment order or the underlying issues of the assessment, tax rate or tax, but on the Treasurer's interpretation of the Code. Accordingly, the collateral attack doctrine does not bar plaintiff's class action complaint.

Finally, the Treasurer contends that established case law bars the pursuit of equitable relief in tax objection cases. This argument was touched on in response to the Treasurer's jurisdictional argument and may be disposed of quickly here. We noted above the trial court's citation to *Beahringer* for the proposition that declaratory relief is a

statutorily provided addition to existing remedies and is not precluded by the existence of other remedies. Similarly, a party may seek a writ of *mandamus* as provided by statute upon allegations that establish a clear right to relief, a clear duty on the respondent to act, and clear authority of the respondent to comply. *Noyola v. Board of Education*, 179 Ill. 2d 121, 132 (1997). The Treasurer contends that plaintiff does not have a clear right for her to adopt his position; however, under our finding in *General Motors*, that right was established. Plaintiff has pled that the Treasurer's alleged compliance with her mandate to issue interest and refunds was not met because her interpretation was incorrect. Plaintiff seeks compliance with the statute via the remedy of a writ of *mandamus*, and he has alleged facts sufficient to advance his complaint.

## 2. Elements of Class Certification

Section 2—801 of the Code of Civil Procedure provides the criteria that must be met to maintain a class action. The trial court determined that plaintiff satisfied each element and we review that conclusion to determine if the trial court abused its discretion. Section 2—801 provides in full:

> "Prerequisites for the maintenance of a class action. An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2—801 (West 2006).

The Treasurer argues that plaintiff failed to satisfy the third and fourth elements. First, she contends that plaintiff is an inadequate representative of the class because of the accord and satisfaction binding upon many purported members of the class. The Treasurer argued the affirmative defense of accord and satisfaction to plaintiff's claim before the trial court. She argued further that, if there was no accord and satisfaction because plaintiff objected to the Treasurer's interest computation, plaintiff was barred from representing the class because most objectors did not send a letter or otherwise dispute the Treasurer's computation. Therefore, she concludes that plaintiff is not similarly situated to represent the class.

In addition, the Treasurer argues that class certification would create issues of multiple representation that implicate the Illinois Rules of Professional Conduct. That simply is not an issue in this case. Each potential member of the class did file a separate tax objection complaint contesting the valuation of their real estate. Most were represented by an attorney.[1]

Through negotiations, all the cases in the potential class were settled. In each case the overpaid taxes were refunded in full. In each case the Treasurer paid interest on the refund based on the CPI and not the 5% rate dictated up to December 31, 2005, by section 23—15. Each case was over at the time of refund. It is likely that the news of the discrepancy in interest payments was common knowledge in the tax objection community within days. Some of the tax objectors filed postjudgment actions objecting to the Treasurer's reading of the Code. Apparently, others elected not to pursue relief, perhaps because the amount of the unpaid interest could not justify such an action.

Those who elected to file a postjudgment action or an appeal are most likely represented by an attorney. They may elect to be excluded from the class action pursuant to section 2—802(b) of the Code of Civil Procedure. 735 ILCS 5/2—802(b) (West 2006). Pursuant to section 2—801, the trial court may also send notice that it deems necessary to protect the interest of the class and the parties. 735 ILCS 5/2—801 (West 2006). Since the tax objection complaints involved in the class all involve final judgment orders, the taxpayers are free to retain counsel or to proceed *pro se* to pursue their remedy individually or opt to join the class.

The Treasurer also argues that the class action is not a superior or appropriate method of resolving this issue. The trial court determined that the class action "would avoid the inefficiency of potentially numerous, separate filings of suits involving the correct application of the statutory interest rate." The Treasurer again argues that the proper vehicle for contesting the interest rate paid is through the tax objection claim. The Treasurer noted that, at the time her brief was submitted, the taxpayers in *General Motors* were appealing their cases where they followed this avenue. As we stated above, that choice of remedy was proper, but it does not preclude seeking declaratory relief or *mandamus*.

The Treasurer maintains that the efficiency cited by the trial court is illusory. She claims that the class action would complicate matters for the thousands of tax objection cases at issue. She asserts

---

[1] It is common knowledge in the tax objection field that approximately 50 attorneys represent over 95% of all those who file tax objection complaints.

that it would create two different forums and two sets of counsel for each case when each party could raise the issue individually. This analysis seems to beg the question.

We agree with the trial court and plaintiff that the class action is a superior method for resolving this issue. As plaintiff argues, under this element, the court must consider the economics of time, effort, expense and uniformity as well as equity and justice. *Gordon v. Boden*, 224 Ill. App. 3d 195, 203 (1991). Certainly having one common complaint rather than thousands of separate complaints considering the same issue promotes the economics of time, effort, expense and uniformity over requiring thousands of complaints.

The Treasurer made an error in interpreting the Code, undoubtedly in good faith. This has resulted in deficient payments to thousands of taxpayers. Unfortunately for many of them, the loss in money is slight in comparison to the costs of continued litigation. It is important to bear in mind the policy behind class litigation and that policy supports certification of the class in this case. As stated by this court:

> "The policy objective behind the class action is to encourage individuals, who may otherwise lack incentive to file individual actions because their damages are limited, to join with others to vindicate their rights in a single action. *Hansberry v. Lee*, 311 U.S. 32, 41, 85 L. Ed. 22, 27, 61 S. Ct. 115, 118 (1940). In *Hoover v. May Department Stores Co.*, this court noted that class actions are particularly attractive in consumer-protection cases because individual suits are often not economically feasible. *Hoover v. May Department Stores Co.*, 62 Ill. App. 3d 106, 112, 378 N.E.2d 762, 768 (1978), *rev'd on other grounds*, 77 Ill. 2d 93, 395 N.E.2d 541 (1979). The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in recovery that is worthy of an attorney's time and costs of litigation and that provides some measure of restitution to the injured party and deterrence to the wrongdoer." *Avery v. State Farm Mutual Automobile Insurance Co.*, 321 Ill. App. 3d, 269, 278 (2001), *aff'd in part & rev'd in part*, 216 Ill. 2d 100 (2005).

This case is similar to consumer-protection cases as individual taxpayers' rights are not protected if they must pursue actions that would cost more than the relief that they would receive. Affirming the trial court's class certification order will avoid the filing of numerous, repetitive cases placing a burden on the courts. More importantly, it would afford taxpayers who received smaller refunds the opportunity to pursue the interest owed as a matter of law.

## III. CONCLUSION

For the foregoing reasons, the ruling of the trial court is affirmed.

Affirmed.

STEELE and COLEMAN, JJ., concur.